BARBARA P. KENNEDY *v.* JOHN W. KENNEDY

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 14, 1978—decision released March 13, 1979

*Barbara G. Lifton,* with whom was *Henry Elstein,* for the appellant (defendant).

*Richard A. Silver,* with whom, on the brief, were *Jay H. Sandak* and *Ernest F. Teitell,* for the appellee (plaintiff).

LOISELLE, J. The parties were divorced on August 1, 1972. Portions of their separation agreement were made part of the judgment. One provision related to the support of their minor child. It provided that the defendant husband pay child support to the plaintiff for the parties' minor child John "until he attains the age of twenty-one (21), dies, marries, or when he becomes self-supporting, whichever event shall first occur." It further stipulated that "if said child is enrolled in college or an institution of higher learning, said support shall continue until he completes four years of college even if he is over the age of 21."

The parties' son, John Kennedy, became eighteen years of age on November 3, 1976. At this time John was attending college, which was being paid

for by his father. On November 22, 1976, the plaintiff mother filed a motion for contempt alleging that the defendant father had failed to pay child support as ordered by the divorce decree. The defendant filed an answer and special defense which in essence claimed that under General Statutes § 1-1d he did not have to support his son after his son reached the age of eighteen. The defendant also filed a motion to modify the judgment to change the stated age in the decree from twenty-one to eighteen. After a hearing on December 23, 1976, the court granted the plaintiff's motion for contempt and denied the defendant's motion to modify. The defendant has appealed.

The issue on this appeal is whether, after the passage of General Statutes § 1-1d, reducing the age of majority from twenty-one to eighteen, the Superior Court has the authority to make and enforce support orders pertaining to children over the age of eighteen.[1] The defendant's contention is that court-ordered child support terminates as a matter of law at age eighteen because the Superior Court only had jurisdiction over minors. The plaintiff's counterargument is that the Superior Court has jurisdiction to enforce, through contempt, a separation agreement in which the defendant agreed to support the son while in college, because the court incorporated parts of the agreement into its order.

The Superior Court's power to grant divorces and thereby dissolve marriages comes from statutory authority, and from such jurisdiction over

---

[1] The power of the Superior Court to enforce an agreement to finance an emancipated child's college education pursuant to General Statutes § 46b-66, "Review of agreements; incorporation into decree," is not the issue in this case. This statute was not passed until the separation agreement in question here was in existence.

divorce derives the court's jurisdiction to make and enforce orders for care, custody and education of children. *White* v. *White,* 138 Conn. 1, 9, 81 A.2d 450 (1951); *LaBella* v. *LaBella,* 134 Conn. 312, 316, 57 A.2d 627 (1948); *Dunham* v. *Dunham,* 97 Conn. 440, 117 A. 504 (1922).

General Statutes § 46b-56 gives the court power to make and enforce support orders as incidents to divorce decrees, but by its very wording applies only to minor children. Its predecessors, General Statutes §§ 46-23, 46-24, and 46-25, the statutes which were applicable at the time the divorce decree was entered in this case, either by their specific wording or through the cases decided under them, restrict the Superior Court's jurisdiction to actions relating to minor children. Section 46-24 expressly related to "minor children." *Krasnow* v. *Krasnow,* 140 Conn. 254, 259, 99 A.2d 104 (1953), refers to the jurisdiction of the court under § 46-23 as relating to "minor children." See also *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 561, 115 A.2d 659 (1955). The provisions of § 46-25 do not apply to the situation in the present case. General Statutes § 46-57 (now § 46b-84) limited the obligation of parents to support a child after a dissolution, annulment or legal separation to that of a minor child.

The rights of the parties to a judgment of the court as distinguished from an action based solely on a contract do not arise from a contract between the parties where some of the provisions of the contract are incorporated in a judgment, but arise from the order of the court pursuant to statutory obligations when such orders are based on statutory provisions. In a contempt action for support incident to a divorce decree, it is the law as set forth in the

statutes rather than the contract which imposes the obligations of support or of any other consideration for the best interest of the child involved. *Sillman* v. *Sillman,* 168 Conn. 144, 150, 358 A.2d 150 (1975); see *Krasnow* v. *Krasnow,* 140 Conn. 254, 260, 99 A.2d 104 (1953); *Holloway* v. *Holloway,* 130 Ohio St. 214, 198 N.E. 579 (1935).

In 1972, General Statutes § 1-1d was enacted which lowered the age of majority from twenty-one years of age to eighteen years of age. In *Sillman* v. *Sillman,* supra, this court was first confronted with the ramifications of the statute as it related to support payments for children of parties to a divorce. The issue was whether court-ordered support to a "minor" child terminates as a matter of law when a child reaches the age of eighteen after the effective date of the act. In that case the order for support was "for each of the minor children."

The *Sillman* case analyzed the statute in depth noting that there were eighty-three sections of Public Acts 1972, No. 127, that repealed numerous age-related sections of the statutes and substituted new language conforming to the purpose and intent of the act. This court found that, except for the general saving clause in General Statutes § 1-1e, and a few specific saving clauses, every section of the act is consistent with the expressed legislative intent to make eighteen-year-old persons adults "for all purposes whatsoever." *Sillman* v. *Sillman,* supra, 147. In examining the saving clause of General Statutes § 1-1e in relation to the entire act, it was further held that the saving clause did not extend the minority of a child to twenty-one under court-ordered support payments as an incident to divorce decrees even though, at the time of the divorce

decree, the support order would have been operative until the child reached twenty-one years of age. "To interpret the saving clause, General Statutes § 1-1e, to mean a divorced parent must continue to pay child support until the child reaches age twenty-one would be inconsistent with the broad purposes of the act." *Sillman* v. *Sillman,* supra, 148; 16 Am. Jur. 2d, Constitutional Law, § 423.

The *Sillman* case also stated that the condition of minority "is a status rather than a fixed or vested right, there being no vested property rights in the personal privileges of infancy." Id., 149; see 42 Am. Jur. 2d, Infants § 1; see also general discussion in annot., 75 A.L.R.3d 228, 238. *Sillman* held that the court had no authority to enforce court-ordered support for a "minor" child when that child reached the age of eighteen.

In *Simon* v. *Simon,* 170 Conn. 24, 363 A.2d 1054 (1975), under the authority of the *Sillman* case, this court ruled that a court order providing for the support, maintenance and education of parties' "minor" children until each child "reaches the age of twenty-one (21) years, becomes emancipated or dies, whichever shall first occur" was no longer effective after the child reached the age of eighteen.

From the above discussion of the general rules of law and the principles adopted by the state in relation to General Statutes § 1-1d, it is evident that parties to an agreement relating to support and education of children cannot impose jurisdiction on the court beyond that granted by the statutes. General Statutes § 1-1d does not authorize court-ordered support for a child once that child has reached eighteen years of age and any order beyond that time is of no force and effect as a court order.

Consequently, the trial court was in error in granting the motion for contempt for any payments due for support and education accruing subsequent to the eighteenth birthday of the child and in denying the motion to modify the judgment. We do not rule, however, on whether the separation agreement of the parties is enforceable as a contract or not, as the record does not reveal the entire contract or whether the circumstances surrounding the making of the contract should be considered. The sole ruling of this opinion is that the court was in error in granting the motion for contempt for failure of the defendant to support and provide for the education of a child after the child became eighteen years of age.

There is error and the case is remanded with direction to deny the motion for contempt and to grant the motion to modify judgment.

In this opinion the other judges concurred.