LOWELL S. HUNTER *v.* MARGARET B. HUNTER

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

328

Argued January 9—decision released April 17, 1979

*John W. Hogan, Jr.,* for the appellant (defendant).

*Bruce Louden,* with whom, on the brief, was *Elizabeth B. Leete,* for the appellee (plaintiff).

COTTER, C. J. This is an appeal by the defendant Margaret B. Hunter from the denial of a motion requesting that the plaintiff husband be adjudged in contempt for failure to comply with an order to support, maintain and educate Victoria S. Hunter, daughter of the parties, contained in a judgment of divorce rendered by the Superior Court on May 16, 1969. Portions of a separation agreement,[1] designated in the judgment as "the essential terms and conditions of the agreement," were incorporated in that judgment. The judgment of divorce included the following relevant provisions: "[T]he plaintiff shall provide support for said minor child, including . . . education, as follows: . . . The plaintiff shall pay the defendant for support of said minor

---

[1] The complete agreement appears in the record as attachment B.

child the sum of $400 per month plus 5% of the excess of the gross receipts of his medical practice over $55,000 per year, until such child shall die, marry, or attain the age of twenty-one, whichever shall first occur"; and he "shall pay . . . medical, dental, surgical and hospital charges for said child until such child dies, marries, or attains the age of twenty-one, whichever later occurs." Another condition in the judgment also provided that the father "shall pay all of the child's college bills, including room, board, tuition, and incidental fees and expenses."

The daughter, the only child of the parties, became eighteen years of age on March 24, 1977, and the plaintiff discontinued support payments as of April 1, 1977, but voluntarily continued to pay her college tuition, room and board bill for the first semester of the 1977-78 college year.

In her appeal, the defendant claims the trial court erred in limiting the plaintiff's obligation under the 1969 judgment to support, maintain and educate his daughter until she reached the age of eighteen; in deciding that General Statutes § 1-1d[2] so affected § 46-49 as to terminate the defendant's standing to enforce the provisions of the judgment to support, maintain and educate Victoria Hunter after she reached the age of eighteen on March 24, 1977;

[2] "[General Statutes] Sec. 1-1d. 'MINOR,' 'INFANT,' 'INFANCY,' 'AGE OF MAJORITY,' DEFINED. Except as otherwise provided by statute, on and after October 1, 1972, the terms 'minor,' 'infant,' and 'infancy' shall be deemed to refer to a person under the age of eighteen years and any person eighteen years of age or over shall be an adult for all purposes whatsoever and have the same legal capacity, rights, powers, privileges, duties, liabilities and responsibilities as persons heretofore had at twenty-one years of age, and 'age of majority' shall be deemed to be eighteen years."

and in concluding that Public Acts 1977, No. 77-488, hereinafter referred to as Public Act No. 77-488, amending § 46-49 of the General Statutes, does not apply retroactively to "written agreements concerning education, maintenance and support of children incorporated" into a judgment or orders entered prior to October 1, 1977.

We recently held in *Kennedy* v. *Kennedy,* 177 Conn. 47, 52, 411 A.2d 25, "that parties to an agreement relating to support and education of children cannot impose jurisdiction on the court beyond that granted by the statutes." Hence, in spite of incorporation of portions of the parties' agreement into the judgment, the trial court was not in error in its interpretation of the effect of § 1-1d on § 46-49, since the Superior Court was without jurisdiction to decide to the contrary, absent statutory authority giving it power to act in orders for support, care, maintenance and education in cases other than those of minor children.

Public Act No. 77-488, effective October 1, 1977, amended § 46-49 of the General Statutes by adding the following sentence, presently codified in what is now General Statutes § 46b-66: "If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d." The defendant claims that this 1977 amendment, now codified in § 46b-66, should be applied retroactively to the 1969 judgment. The amendment became effective some six months after Victoria Hunter became eighteen, and

more than eight years after the judgment was rendered. Generally, a statute effecting substantial changes in the law or an amendatory act which causes changes in existing statutes is not to be given a retroactive effect unless it clearly and unequivocally appears that such was the legislative intent; and even if the amending statute is a procedural statute, which ordinarily will be applied retroactively without legislative imperative to the contrary, it will not be so applied if considerations of good sense and justice dictate that it will not be so construed. *American Masons' Supply Co.* v. *F. W. Brown Co.,* 174 Conn. 219, 222–25, 384 A.2d 378; *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58; 1A Sutherland, Statutory Construction (4th Ed.) § 22.36. Whether the amendatory act was to operate retroactively was not discussed at the time of its passage.[3]

In *Kennedy* v. *Kennedy,* supra, wherein the enactment of Public Act No. 77-488 was not raised

---

[3] The remarks of legislators at the time the act was moved for passage, however, shed some light on the reason for its enactment. Representative John A. Berman, moving for passage of the bill, stated: "[W]hat this bill would do very simply is clear up an existing ambiguity in the law where the parties have reached an agreement as to support of children over the age of 18. At the present time, some judges rule that these agreements are enforceable by a contempt process and other judges have ruled in Connecticut that they are not enforceable. They have ruled that the court does not have jurisdiction over children who are of age 18. So what this bill would simply state is that where there is an agreement in writing by the parties and the court enters it is [sic] part of the judgment, that then there is authority by the court to enter orders." 20 H. R. Proc., Pt. 8, 1977 Sess., p. 3024.

In the Senate, Senator George C. Guidera remarked: "In effect, what we have today is that when the father agrees to educate the child over the age of 18 it's really a contractual matter and it's sometimes not worth the paper it's written on." 20 S. Proc., Pt. 8, 1977 Sess., p. 3014.

or treated as an issue by the parties, we held that the jurisdiction of the court to act in orders for support, care, maintenance and education of minor children required the grant of statutory authority from the legislature.

The enactment of Public Act No. 77-488 brought about changes in substantive rights of parties to a cause of action for dissolution of marriage involving orders concerning children, and established a jurisdictional ground, formerly absent, under which the Superior Court may act where there is a written agreement providing for the care, education, maintenance or support of a child beyond the age of eighteen. The effect of Public Act No. 77-488 upon the liability of the supporting parent in such a case is not inconsequential. Under the terms of the act, the jurisdictional authority of the court has been extended so as to allow for the enforcement, through the grave powers of contempt, of an agreement to support a child beyond the age of majority. "The presumption is that statutes affecting substantive rights are intended to operate prospectively, and to furnish a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. [Citations omitted.] Legislation which . . . *increases statutory liability* has generally been held to be substantive in nature." (Emphasis added.) *Little* v. *Ives,* 158 Conn. 452, 457, 262 A.2d 174. Moreover, a statute which, in form, provides but a change in remedy but actually brings about changes in substantive rights is not subject to retroactive application. *Sherry H.* v. *Probate Court,* 177 Conn. 93, 100, 411 A.2d 931. Thus, the 1977 amendment to § 46-49 now codified as § 46b-66 must be construed to operate prospec-

tively.  *American Masons' Supply Co.* v. *F. W. Brown Co.,* supra, 222–25.

There is no error.

In this opinion LOISELLE, PETERS and PARSKEY, Js., concurred.

BOGDANSKI, J. (dissenting).  I cannot agree that § 46b-66 of the General Statutes creates any new substantive rights or that this statute is limited to prospective application only.

Section 46b-66 merely provides that a separation agreement which is in writing and which provides for the education and support of a child beyond the age of eighteen may be incorporated into the decree of the court and that such provisions shall thereafter be enforceable to the same extent as any other provision of the court's decree, notwithstanding the provisions of § 1-1d (the minority statute).[1]  The purpose and effect of this statute is simply to provide that certain contractual rights, rights created by the parties themselves, are now enforceable by contempt proceedings.

In this case, for example, it is undisputed that the agreement of the parties was incorporated by the court into its decree.  We are thus dealing only with rights created by the parties themselves and which have been incorporated by the court into its order.  Those contractual rights have neither been changed nor affected in any manner by the provisions of § 46b-66.  To the contrary, this statute affects merely the remedy, i.e., the manner in which those substantive rights may be enforced.  The legislature by enacting § 46b-66 has expressly provided

[1] See footnote 2 of the majority opinion, supra.

that those rights may now be enforced by contempt proceedings. That the above was the intent of the legislature cannot seriously be disputed.[2]

Since the instant statute involves only matters of procedure or remedy, I see no reason for not giving full effect to the statute as enacted. It is well settled that the rule of prospective application of statutes does not apply to legislation which is general in its terms and which affects only matters of procedure. Such legislation is presumed to have been intended to be applicable to all actions, whether pending or not, in the absence of an expressed intent to the contrary. *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525; *Lavieri* v. *Ulysses,* 149 Conn. 396, 401, 180 A.2d 632.

In my view § 46b-66 is procedural in nature and therefore applies to all actions whether pending or not. *Schurgast* v. *Schumann,* 156 Conn. 471, 487, 242 A.2d 695.

---

[2] "So what this bill would simply state is that where there is an agreement in writing by the parties and the court enters it is [sic] part of the judgment, that then there is authority by the court to enter orders." Remarks of Representative John A. Berman, 20 H. R. Proc., Pt. 8, 1977 Sess., p. 3024.

And in the Senate, Senator George C. Guidera remarked: "In effect, what we have today is that when the father agrees to educate the child over the age of 18 it's really a contractual matter and it's sometimes not worth the paper it's written on." 20 S. Proc., Pt. 8, 1977 Sess., p. 3014.