CHRISTINE N. LAVIGNE ET AL. *v.* DAVID A. LAVIGNE
(2737)

HULL, BORDEN and SPALLONE, Js.

Argued January 11—decision released March 26, 1985

*Robert P. Hanahan,* with whom, on the brief, was *Paul J. Shea,* for the appellants (plaintiffs).

*Walter A. DeAndrade,* for the appellee (defendant).

BORDEN, J. This case involves the attempt by the named plaintiff, whose marriage to the defendant ended in divorce in 1969, to require the defendant to bear the college expenses of their two adult children, also plaintiffs in the action. The trial court rendered judgment for the defendant, from which the plaintiffs appealed.

Under the second count[1] of the complaint, the plaintiffs claimed that the defendant breached the provision of a separation agreement, entered into at the time of the divorce, obligating the defendant to pay the college expenses of the children.[2] The trial court concluded

[1] The plaintiffs have withdrawn any claim of error under the first count.

[2] Paragraph 10 of the agreement, on which the plaintiffs rely, provides as follows: "The Wife shall have custody of the minor children of the marriage, subject, however, to rights of reasonable visitation in the Husband, and the Husband shall pay to the Wife for the maintenance and support for each child twelve years or older, $75.00 per month, and for each child under the age of twelve years $50.00 per month; provided, however, that when any such child is not living in the Wife's house or by reason of being in school or temporarily employed so that the child does not live with the Wife, the amount payable per month for any such child shall be reduced to fifty per cent of the prescribed amount, it being agreed that such payments shall not be deemed to require the Wife to provide any extra or spe-

that it had no jurisdiction to enforce the agreement beyond the age of eighteen of the children and, alternatively, that the agreement did not obligate the defendant to bear college expenses. We find that the court erred in its first conclusion, but that the error was rendered harmless by its alternative conclusion.

I

It is clear that, absent statutory authority, the Superior Court in a dissolution action lacks subject matter jurisdiction to make, and enforce by contempt, orders regarding the education of a child over the age of majority, even when the parties had entered an otherwise valid separation agreement providing for one of the parties to bear those expenses. *Hunter* v. *Hunter*, 177 Conn. 327, 416 A.2d 1201 (1979). It is also clear that the part of General Statutes § 46b-66, conferring that jurisdiction where the parties have so agreed in writing, operates prospectively only, from October 1, 1977. Id., 332–33.

The Supreme Court has never specifically said whether this jurisdictional limitation, which is based on the statutory power of the court to terminate marriages and on the statutory definition of the age of majority; see *Kennedy* v. *Kennedy*, 177 Conn. 47, 411 A.2d 25 (1979); bars enforcement of such an agreement, entered before October 1, 1977, by a civil action for damages. See id., 53 ("We do not rule, however, on whether the separation agreement of the parties is enforceable as a contract or not, as the record does not reveal the entire contract or whether the circumstances surrounding the making of the contract should be con-

cial education nor the educational costs of any such child at private school or at a college or university, and to the extent that any such child be educated at a private school or receive university or college education, the same shall be at the sole expense of the Husband, it being agreed that so long as the Husband makes the support payments for the benefit of each child as herein called for, the Wife will not claim any such child for whom such payments have been made as a dependent in her income tax return."

sidered.") We think it quite clear by now, however, that this jurisdictional limitation does not bar such an action. See *Hayes* v. *Beresford,* 184 Conn. 558, 564–68, 440 A.2d 224 (1981).

In *Hayes* v. *Beresford,* supra, the Supreme Court held not violative of public policy, and enforceable by a suit for damages, a separation agreement, executed in connection with and incorporated into a Mexican divorce decree, providing for support for children until age twenty-three. Although the opinion does not specifically refer to the age of the oldest child at the time of the trial court's judgment, it is manifest that, at the time of the Supreme Court's opinion, the child was over the age of eighteen. Id., 559. Furthermore, the reasoning of the opinion is not limited to minor children. It rests, instead, on the principle that, under "judicial supervision, private settlement of the financial affairs of estranged marital partners is a goal that courts should support rather than undermine." Id., 568. We see nothing in the public policy of our state that would bar a suit on such an agreement. See also *Van Wagner* v. *Van Wagner,* 1 Conn. App. 578, 582–84, 474 A.2d 110 (1984) (public policy does not bar enforcement of a foreign contempt order for support of a child beyond age eighteen, valid under the law of the foreign state).

The record in this case indicates that the agreement was entered into after the divorce action was begun, that it was disclosed to the court at the time of the divorce, and that the court, in its judgment, referred to it and specifically adopted some of its provisions, albeit remaining silent as to the specific provision at issue here.[3] We conclude, therefore, that the trial court erred in holding that the agreement was not enforceable by a civil suit for damages.

---

[3] At the time of the divorce, the judicially preferred practice was not to incorporate separation agreements in judgments. See *Foley* v. *Foley,* 149 Conn. 469, 471, 181 A.2d 607 (1962); cf. General Statutes § 46b-66.

## II

The plaintiffs argue that the trial court also erred in finding that the agreement does not obligate the defendant to bear the children's college expenses. We disagree.

We first consider our scope of review. Our precedents have not been consistent on the issue of whether the interpretation of a written agreement is a question of fact for the trier, subject to a limited scope of appellate review, or a question of law, subject to a plenary scope of appellate review. One line of cases views the issue as one of fact yielding limited review. See, e.g., *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 65–66, 485 A.2d 1296 (1985); *John F. Epina Realty, Inc.* v. *Space Realty, Inc.*, 194 Conn. 71, 78, 480 A.2d 499 (1984); *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.*, 183 Conn. 266, 274–75, 439 A.2d 314 (1981); *Heyman* v. *CBS, Inc.*, 178 Conn. 215, 227–28, 423 A.2d 887 (1979); *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.*, 166 Conn. 647, 652–53, 353 A.2d 714 (1974); *Hess* v. *Dumouchel Paper Co.*, 154 Conn. 343, 349, 225 A.2d 797 (1966). Another line of cases views the issue as one of law yielding plenary review. See, e.g. *Robinson* v. *Weitz*, 171 Conn. 545, 551–53, 370 A.2d 1066 (1976); *Bria* v. *St. Joseph's Hospital*, 153 Conn. 626, 632, 220 A.2d 29 (1966); see also *Sturman* v. *Socha*, 191 Conn. 1, 11–12, 463 A.2d 527 (1983). Neither line discusses, or seeks to distinguish, the other.

Faced with this divergence, we believe that, at least in a case such as this, review of the trial court's construction of the agreement is an issue of fact subject to review under the limited standard of whether it is clearly erroneous. *Greene* v. *Scott*, 3 Conn. App. 34, 38, 484 A.2d 474 (1984). First, it is axiomatic that, in gen-

eral, interpretation of an agreement is a search for the intent of the parties. *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 406–407, 365 A.2d 1086 (1976). As in other areas of the law such as torts; *DeLuca* v. *C. W. Blakeslee & Sons, Inc.,* 174 Conn. 535, 546, 391 A.2d 170 (1978); and criminal law; *State* v. *Haddad,* 189 Conn. 383, 398, 456 A.2d 316 (1983); contractual intention presents a classic question of fact. " 'The intention of the parties manifested by their words and acts is essential to determine whether a contract was entered into and what its terms were.' " *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.,* supra, 652. " 'Intention is an inference of fact, and the [trial court's] conclusion is not reviewable unless it was one which the trier could not reasonably make.' " *Heyman* v. *CBS, Inc.,* supra, 228. Second, the trial court here reached its determination on the basis of the written agreement, supplemented by "the testimony of live witnesses as to the meaning of [the document] or as to the circumstances surrounding the execution of [that document]." *Marion Road Assn.* v. *Harlow,* 1 Conn. App. 329, 332, 472 A.2d 785 (1984).[4] Third, those cases applying the limited standard of appellate review appear to be more numerous and of later vintage than the others. E.g., *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.,* supra; *John F. Epina Realty, Inc.* v. *Space Realty, Inc.,* supra; but see *Sturman* v. *Socha,* supra.

Applying this standard, we cannot conclude that the trial court's finding was clearly erroneous. The agreement is reasonably susceptible of the reading ascribed

---

[4] The parties agreed at oral argument that the defendant testified in the trial court regarding the agreement and the plaintiffs did not see fit to file a transcript on this appeal. Thus, we have no basis on which to find that testimony at variance with the trial court's determination.

to it, namely that, while it contemplated that the defendant would pay those expenses, it did not obligate him to do so.

There is no error.

In this opinion the other judges concurred.