[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a civil action that is brought to recover damages for personal injuries alleged to have been sustained as a result of a motor vehicle accident on or about January 12, 1988.
The defendant moves this court to strike the prayer for relief in the revised complaint to the extent that the plaintiff seeks double and treble damages pursuant to 14-295 of the General Statute on the ground that said statute has been declared unconstitutional.
Prior to being declared unconstitutional, C.G.S. 14-295
allowed the court to double or treble the damages awarded by a jury in tort actions involving the violation of any one or more of several specified statutes. The repealed statute provided in relevant part that:
 Each person who by neglecting to conform to any provision of 14-230 to 14-242, inclusive, or 14-245, or 14-247, causes any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action.
In a decision released on March 22, 1988, the Connecticut Supreme Court declared C.G.S. 14-295 unconstitutional because the statute allowed the court to interfere with and invade the fact finding function of the jury by permitting the court to award multiple damages which the parties have a constitutional right to have determined by the trier of fact. Bishop v. Kelly,206 Conn. 608.
In response to the Bishop case the legislature repealed C.G.S. 14-295 in its entirety and substituted P.A. 88-229 in lieu thereof which act took effect October 1, 1988. CT Page 551
The new act reads in relevant part:
 In a civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-239, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
The plaintiff revised complaint of January 10, 1990, claims that the following statutory sections were violated by the defendant:
C.G.S. 14-230; 14-231, 14-218 (a); 14-222. It is noteworthy that of the violations claimed in the plaintiff's revised complaint only a violation of C.G.S. 14-230 was included in both the repealed and new version of 14-295; C.G.S. 14-231 included in the repealed version was deleted from the new statute; C.G.S.14-218 (a) and 14-222 were not included in the repealed version of the statute but have been added in the new version.
The defendant alleges that P.A. 88-229 should only be applied prospectively from the date it became effective, October 1, 1988, and therefore a complaint filed prior to that date cannot seek double or treble damages under C.G.S. 14-295.
The plaintiff claims that the new C.G.S. 14-295 (P.A. 88-229) did not work a substantive change on the repealed C.G.S. 14-295
or disturb vested rights and it should therefore be interpreted as a remedial statute which applies retroactively. The plaintiff further claims, in the alternative, that in the event the new C.G.S. 14-295 (P.A. 88-229) is interpreted to be substantive and therefore prospective in nature (with respect to C.G.S.14-222 and 14-218a) that there is authority to interpret the act as procedural and retrospective in nature with respect to C.G.S. 14-230 which statute is included in both versions of14-295.
The issue before this court is whether the new version of C.G.S. 14-295 that took effect October 1, 1988, in the form of P.A. 88-229, is prospective or retroactive in application.
Generally, a statute effecting substantial changes in the law or an amendatory act which causes changes in existing statutes is not to be given a retroactive effect unless it clearly and CT Page 552 unequivocally appears that such was the legislative intent . . . . Hunter v. Hunter, 177 Conn. 327, 331.
The presumption is that statutes affecting substantive rights are intended to operate prospectively, and to furnish a rule for further cases only, unless they contain language unequivocally and certainly embracing past transactions. (Citations omitted). Legislation which increases statutory liability has generally been held to be substantive in nature. Id., 332. Moreover, a statute which in form, provides but a change in remedy but actually brings about changes in substantive rights is not subject to retroactive application. Id.
Our Supreme Court has consistently held that there is a general presumption that legislation is intended to operate prospectively, and has repeatedly expressed a reluctance to give retroactive application to statutes. Rudewicz v. Gagne, 22 Conn. App. 285,287-288; Enfield Federal Savings Loan Assn. v. Bissell,189 Conn. 569, 571, 440 A.2d 220 (1981); East Village Associates, Inc. v. Monroe, 173 Conn. 328, 331-33, 377 A.2d 1092 (1977). A new provision of the General Statutes, imposing a new obligation on any person or corporation, is construed to have prospective effect; General 1-Statutes 55-3; unless the legislature clearly and unequivocally intended otherwise. Rudewicz v. Gagne, supra; State v. Lizotte, 200 Conn. 734, 741; State v. Paradise, 189 Conn. 346,350-51; Hunter v. Hunter, supra.
In this instance, P.A. 88-229 is silent as to its retroactive applicability. Where a statute is silent in that regard, the rule to be applied to determine whether it is prospective or retroactive, depends, in some measure, on whether it affects substantive or procedural matters. Jones Destruction, Inc. v. Upjohn, 161 Conn. 191,195.
Substantive law is that part of law which creates, defines and regulates rights, as opposed to "adjective or remedial law," which prescribes method of enforcing the rights or obtaining redress for their invasion. Substantive law is that which creates duties, rights and obligations, while "procedural or remedial law" prescribes methods of enforcement of rights or obtaining redress. Black's Law Dictionary, 5th edition, 1979, page 1281.
In the case at bar, P.A. 88-229 did not merely amend C.G.S.14-295 but the legislature repealed the existing act in its entirety and substituted the new act in lieu thereof.
The new C.G.S. 14-295 (P.A. 88-229) has effected material changes to the repealed act in three general areas.
First, the new act removes the authority from the court in a CT Page 553 jury case to allow multiple damages and reposes this function in the trier of fact. This resting of authority in the trier of fact is the creation of a right which did not appear in the original statute.
Second, the legislature sought to upgrade the gravity of the statutes enumerated in the new act (as opposed to those statutes included in the repealed act) that would allow multiple damages for their violation. The legislature did not include in the new act certain statutes which had been included in the repealed act (C.G.S. 14-234, 14-237, 14-230 and 14-440a); the legislature did add to the new act certain statutes which were not included in the repealed version (C.G.S. 1114-218a, 14-219, 14-222 and14-227a).
A review of those statutes not included and those newly added clearly demonstrate that the legislature intended to remove from the consideration of the trier of fact the awarding of multiple damages for the violation of the less serious motor vehicle offenses, the so-called rules of the road statutes.
The comments of Representative Tulisano wherein he indicated the purpose of the proposed act is helpful:
 . . . it also limits those cases in which double or treble damages may in fact be awarded.
 There's been a great inconsistence, I think, over the years for minor offenses in which treble damages could be possible, and some serious offenses where it was not possible.
 What the committee is attempting to do is to determine those kinds of matters which I think are very serious and which the public policy should say that treble damages could be awarded. Those include speeding, driving under the influence, reckless driving, and a number of other areas.
 We have omitted from our current statutes a series of other activities which we don't believe are as important to be covered by this area. House of Representatives, Vol. 31, part 11, page 3685.
In lieu of the so-called rules of the road offenses deleted from the repealed act, the, legislature did include in the new act certain more serious motor vehicle offenses (C.G.S. 14-218a,14-219, 14-222 and 14-227a) the violation of which would allow multiple damage recovery. It is clear that the legislature sought to treat more harshly those motor vehicle operators who CT Page 554 commit the more egregious motor vehicle offenses and make this class of operator subject to greater damages.
It must also be considered that each statute which had been included in the repealed act and not included in the new version removed from the injured party the right, previously enjoyed, to seek multiple damages in the event that any one of the specified statutes was violated by the wrongdoer. Likewise, each statute enumerated in the new act which was not in the repealed version created new rights in the injured party, and new liabilities for the wrongdoer, which did not exist prior to October 1, 1988.
These changes from the repealed act are substantive in nature.
Thirdly, the new statute included language, not found in the original statutes which imposed on the injured party who seeks multiple damages the obligation, to allege that the particular statute was violated "deliberately" or with "reckless disregard." The injured party must also allege that such a violation was a "substantial factor" in causing the injury or loss.
The new act raises the quantum of proof that an injured party must demonstrate in order to enable him to recover multiple damages from one of simple negligence to one of deliberateness or reckless disregard.
Representative Tulisano, in support of the new act, indicated that relevant to the standard to be applied in the awarding of (multiple) damages it was to be "deliberate" or with "reckless disregard" and not one of simple negligence. House of Representatives, April 20, 1988, Volume 31, part 11, page 3684.
Though the courts in interpreting the predecessors to 14-295
have in the exercise of its discretion limited the application of multiple damages to cases where the record demonstrates more than ordinary negligence, the language of the new act codifies standards; that have long been recognized at common law. Bishop v. Kelly, supra, 613-614.
The legislature has, in effect, raised the threshold for an injured party to be eligible for the recovery of multiple damages. This has created a new duty upon the injured party that did not exist statutorily heretofore.
These changes from the repealed act are substantive in nature,
Conclusion
The issue of the prospective/retroactive applicability of the new version of C.G.S. 14-295 (P.A. 88-229) has been reviewed by CT Page 555 several among the trial bench and there exists a split of authority. There appears to have been no appellate review of the issue.
Some trial courts have held that where the plaintiff alleges a violation of a triggering statute which statute appears in both the old and new versions of 14-295, (14-230), the amending act is regarded as procedural and thus given retroactive effect. See, Martin v. Stomboli, 4 CSCR 246 (1989), Mallon v. Lano, 15 CLT 24 page 407, Capiello v. Krasnager, 15 CLT 7 page 115. This court will not accept the invitation to declare the statute prospective in some applications and retrospective in others.
This court finds that the changes made to C.G.S. 14-295 by the legislature in P.A. 88-229 are substantive in nature and the act is prospective in application. See, Mule, et al. v. Dupre, Guiliano, et al. v. Dupre, et al., 16 CLT 17 page 26, Griffin v. Edmond, et al., 15 CLT 3 page 31, Murgatory, et al v. Platt, 15 CLT 7 page 113, Viehmann v. Pallison, et al., 15 CLT 7 page 114, Friese, et al. v. Mentzel, 14 CLT 47 page 883.
The motion to strike is granted.
MIANO, JUDGE