[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present proceeding arises out of the filing of reciprocal motions addressed to an existing order of unallocated alimony and support.
The following factual picture is presented from the record and the evidence. On February 15, 1984, the marriage between Donald P. Capozzi (husband) and Roberta Marie Capozzi (wife) was dissolved by the court, Ciano, J. At this time, the parties had three children issue of the marriage which children were all minors.
In a financial affidavit filed by the husband at the time of the dissolution hearing, he showed a weekly net income of $1,119.89 from his dental practice. Also included in this affidavit, he stated weekly expenses of $920.55.
In the financial affidavit submitted by the wife at the same time, she showed no weekly income; and the affidavit reflected CT Page 4839 weekly expenses of $773.00.
At the time of the dissolution hearing, the wife was not employed; but she had worked previously "dental assisting". Her educational background was attending dental assisting school for one year. It was anticipated that the wife would be returning to work in her particular specialty.
At the time of the granting of the dissolution, the court entered many economic orders; but the only one that is pertinent to this particular proceeding was the following order: "It is further ordered that the plaintiff husband shall pay the sum of $600 per week as unallocated alimony and support of the said minor children, with the first payment to commence on March 1, 1984."
Prior to the dissolution, the wife had taken some college courses at Mattatuck Community College and she obtained an Associates Degree from Mattatuck. Subsequent to the dissolution, she attended Central Connecticut State University and in December, 1989, obtained a Bachelors Degree. The wife now works full time as a teacher in the Watertown, Connecticut school system.
By application for modification and/or termination of alimony dated March 13, 1990, the husband claimed that there had been a substantial change in financial circumstances so as to warrant a termination and/or modification of the alimony award. Thereafter the wife filed a motion for modification dated June 11, 1990 wherein she claimed that there had been a substantial change in circumstances in that the husband's earnings had increased substantially and that the $600 per week payment should be increased.
At the time of the instant hearing, both parties submitted financial statements. The husband's affidavit showed a net weekly income of $1,383.74 and total weekly expenses of $1,822.76. The wife's financial affidavit showed a net weekly wage of $357.78 and total weekly expenses of $859.63.
Presently, all three children have reached their majority and all were attending college on a full time basis. The children were living away at school; and they return to the mother's home during school vacation periods and during the summer recess. During the summertime, the children are gainfully employed and are self-supporting.
 . . . . The applicable test is simply that "[a] party seeking modification must show `a substantial change in the circumstances of either party, occurring subsequent to the entry of the original CT Page 4840 decree, and not contemplated by the parties at that time."' Emphasis added.) McCann v. McCann, 191 Conn. 447, 450-51, 464, A.2d 825 (1983), quoting Noce v. Noce, 181 Conn. 145, 147, 434 A.2d 345
(1980); Sanchione v. Sanchione, 173 Conn. 397, 407, 378 A.2d 522 (1977).
Dorak v. Dorak, 210 Conn. 462, 474 (1989).
 The legislature of this state has established eighteen years to be the age of majority. General Statutes Section 1-1d. Consequently child support orders stemming from a dissolution action may not extend beyond the child's eighteenth birthday. Miller v. Miller, 181 Conn. 610, 613-14, 436 A.2d 279 (1980); Broaca v. Broaca, 181 Conn. 463, 466, 435 A.2d 1016 (1980); Hunter v. Hunter, 177 Conn. 327, 330, 416 A.2d 1201 (1979); Sillman v. Sillman, 168 Conn. 144, 152, 358 A.2d 150 (1975).
Gallo v. Gallo, 184 Conn. 36, 46 (1981).
There is no question that the original award of $600 per week was for the benefit of both the wife and the children. The reason that the sum was labeled unallocated alimony and support was to allow the husband to take advantage of the requirements of the Internal Revenue Code so that he could take the payment as a deduction on his income tax returns.
The children having reached their majority, the husband is not legally obligated to support them. There is no claim here that there is any independent basis upon which he is obligated to continue to support the children. Therefore, the $600 a week payment must be reduced where it applies to the children.
The next question to be resolved is whether the wife's employment was a contemplated or uncontemplated change of circumstance at the time of the dissolution of the marriage. Certainly at that time, the parties did not contemplate that the wife would go to college for an extended period of time and obtain a bachelor's degree so as to allow her to become a teacher. From a review of the record, any contemplation of employment would at best be in the field of "dental assisting". Thus, the only logical conclusion is that the parties did not contemplate at the time of this dissolution that the wife would become a teacher with all of the added financial benefits from becoming a teacher. CT Page 4841
In comparing the financial statements supplied by the parties, both at the time of the dissolution and at the instant hearing, the husband's income has increased $263.85, while the wife's income has increased from nothing to $357.78 per week. Certainly there has not been a substantial change in the husband's income that would warrant any increase in any alimony payment; while there has been a substantial change in the wife's earnings.
As to the wife's physical condition, this problem was presented to the court at the time of the dissolution. The wife claims that her condition has worsened. The only conclusion that can be reached is that at this time it is not a factor to be considered in determining what a fair alimony payment should be. This is not to say that at some future time that her condition might become so debilitating that it would become a factor in the alimony that should be paid.
Accordingly, the plaintiff's motion to reduce the unallocated alimony and support payment is granted. The support aspect of the award is terminated; and the sum of $600 a week is reduced to $200 per week. The defendant's motion to modify is denied.
BYRNE, J.