[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came before the court upon the application of the plaintiffs, Patricia Harvey and her sons, Robert Daddona, Jr. and Peter Clark Daddona, for a preliminary injunction requiring compliance with the terms of a certain separation agreement and trust agreement by Ms. Harvey's former husband, Robert Daddona, Sr., individually and as trustee.
At the urging of the court, the parties have closed the pleadings and agreed that the hearing as to preliminary relief should be consolidated with a hearing as to permanent relief, and all claims for relief stated in the complaint are therefore now before this court.
I. Background
The facts are found to be as follows. Ms. Harvey and Mr. Daddona, Sr. were married in 1966, and their marriage was dissolved in 1975. These parties entered into a separation agreement which was incorporated into the judgment of dissolution of marriage. The separation agreement provides that Robert Daddona, Sr. shall pay for the college expenses of the parties' sons, Robert, Jr., born on May 2, 1968 and Peter, born on August 19, 1970. Specifically, paragraph 4 of the separation agreement (Ex. A) provides as follows:
 4. College Education. Husband shall pay for the college education of each of the minor children if:
CT Page 10741
 (a) the children desire to attend college, and
(b) they have the aptitude to attend college.
 Husband's obligation for said college education shall continue until five (5) years have elapsed from the anticipated high school graduation date of each child, but in no event shall Husband's obligation continue after each child has passed the age of 23 years, or after his death.
The next paragraph of the separation agreement provides as follows:
 5. Trust Agreement. As security for Husband's obligation as set forth in Paragraphs 3 and 4 above, Husband shall hold the property at 300 Kukas Lane, or a parcel of equal value, as Trustee, for the benefit of said minor children. The trust agreement, attached hereto as Exhibit A, more fully describes said trust obligation, and either a deed expressing said obligation, or Exhibit A, shall be recorded on the land records of the Town of Waterbury.
The trust agreement referred to (Exhibit B at trial) establishes a trust of which the corpus is real property on Kukas Lane, Waterbury. The trust agreement provides for payment of income from the trust to Robert, Sr. "so long as [he] is not in default with respect to his obligations for the support or education of Robert L. Daddona, Jr., and Peter Clark Daddona, under the terms of Sections 3 and 4 of a Separation Agreement dated January 20, 1975. . . ." The trust agreement further provides that if Robert L. Daddona, Sr. is in default as to those obligations, the trustee, Robert L. Daddona, Sr., shall expend so much of income and principal as may be necessary to meet those obligations.
At paragraph 5, the trust agreement provides that the receipt by the trustee of a notice of default by either Robert, Jr. or Peter or any person acting on behalf of either of them, shall be evidence of default until a contrary ruling by a court of competent jurisdiction.
To the language of Article 4 of the Separation Agreement, the trust agreement adds the following additional language at paragraph 3: CT Page 10742
 Expenses of college education shall include the reasonable costs of tuition and other required fees of the college, room and board, books, and other essential costs. Each child shall consult with and consider the wishes of Robert L. Daddona with respect to the college the child will attend, but the wishes of Robert L. Daddona for the choice of college shall not be binding upon the children.
The same paragraph also states that the defendant is to pay for the expenses of "up to four (4) years of college education for each child."
The trust agreement further provides, at paragraph 9, that
 The Grantor [Robert Sr.] shall have the powers to amend and to revoke this agreement, from time to time, upon the written agreement of Robert L. Daddona, Jr. and Peter Clark Daddona or their guardian having custody, if they be minors, except there shall be no right in the children or their guardian to irrevocably waive the children's right to college education as set forth in Section 4 of the Separation Agreement.
The defendant has made no claim that he is unable to pay the expenses at issue or that the trust property is insufficient to enable him to do so.
II. Enforceability of Separation and Trust Agreements
The defendant correctly observes that the court has no authority to enforce by powers of contempt the portions of dissolution judgments entered before October 1, 1977, that apply to obligations to support or educate children after they reach the age of 18. (As to orders entered on or after October 1, 1977,46b-66 C.G.S. provides for such enforcement under certain circumstances). Sillman v. Sillman, 168 Conn. 144 (1975); Hunter v. Hunter, 177 Conn. 327 (1979).
The plaintiffs do not, however, seek enforcement of the agreement by resort to the court's contempt power. Rather, Ms. Harvey seeks to enforce the agreements as contracts, and her sons are, indisputably, third-party beneficiaries of those contracts. Such enforcement has been approved by both of Connecticut's appellate courts. Hayes v. Beresford, 184 Conn. 558 (1981; Lavigne v. Lavigne, 3 Conn. App. 423 (1985). The agreements are enforceable as contracts between the parties, and the court has jurisdiction to enforce them, though not to modify them. Hayes v. CT Page 10743 Beresford, supra, at 562.
III. Findings and Discussion
As a consequence of his divorce, the defendant assumed particular contractual obligations concerning the college education of his sons, and those contractual obligations were substituted for the usual broad parental discretion in such matters. The creation in the Separation Agreement of an obligation to fund an irrevocable trust indicates to the court that the context of the contract was the reservation through the trust of assets of the defendant sufficient to assure that he would in fact pay for his sons' college education and that the mother would not be put in the position of having to meet such expenses by any change in the father's business or by any informal waiver by the children.
The defendant claims that the provisions cited above require him to pay only such college expenses as are "reasonable" and permitted him to negotiate with his sons to limit his obligation to an amount that he and his subsequent wife regard as reasonable. The word "reasonable" does not appear in paragraph 4 of the Separation Agreement, which simply requires the husband to pay for his sons' college education if they desire to attend college and have the aptitude to do so and limits the obligation as to time. The extent of the defendant's obligation as to college expenses is more fully defined in the trust agreement as including "reasonable costs of tuition and other required fees of the college, room and board, books, and other essential costs."
The separation agreement appears to incorporate by reference the provisions of the trust agreement. The defendant views the sentence containing the word "reasonable" as requiring him to pay for college education only in an institution with charges in a range that he regards as reasonable. This construction is negated by the next sentence of the trust agreement which states that his sons shall consult with him and consider his wishes as to their choice of a college but shall not be bound by his wishes. Such a provision would hardly have been included if the meaning of "reasonable" imposed a limitation on the type of college in which the sons may obtain their college education. The defendant's obligation is to pay full tuition and other expenses related to securing an education at the colleges chosen by his sons for the defined periods. The facts do not indicate that the plaintiffs are seeking payment of any expenses of a kind not reasonably incurred in the pursuit of a college education.
The court finds that Robert L. Daddona, Jr. graduated from high school in June 1986 and that the defendant paid all expenses of his first year of college at Northeastern University. Robert, CT Page 10744 Jr. failed some of his freshman courses, and he agreed to spend his next three semesters at Mattatuck Community College, living in his father's home. In the spring semester of 1988-89, he enrolled in New Hampshire College in Manchester, New Hampshire. He attended that college in 1990 and continues to be enrolled there.
The four years of college education which the defendant was obligated to pay for are 1986-87, 1987-88, 1988-89 and 1989-90. Plaintiff Robert, Jr. argues that if a four-year limit is recognized, as it must be under the wording of the trust agreement defining "college expenses," the court should not count the fall semester of 1988-89, which he spent at Mattatuck, but should instead count the fall semester of 1990, which he spent at New Hampshire College. The trust agreement provides that the plaintiff sons may, at their option, honor the wishes of their father as to the college they would attend, and, on the basis of the testimony adduced, the court finds that Robert, Jr. agreed to be at Mattatuck for three semesters to make up for his poor showing during an expensive year at Northeastern. Accordingly, the full 1988-89 year should be counted as one of the four years of education for which the defendant is obligated to pay.
The court finds that the defendant is obligated to pay the following expenses as to the college education of Robert, Jr.:
1986-87 $ 0 (Northeastern)
1987-88 1,378.31
1988-89 3,247.67
 1989-90 4,423.78 -------- TOTAL $ 9,049.76
The court rejects the claim that the defendant was required to pay all college expenses incurred for a five year period following his elder son's graduation from high school. The trust agreement limits the obligation to four years of college expenses over a period of five years.
The defendant paid some expenses for a fifth year of college education, and he is therefore entitled to a credit for those payments in the amount of $4,200.00, such that the balance due to Robert, Jr. is $4,849.76.
The defendant has presented evidence of Christmas gifts of cash given to his sons during the applicable period and apparently urges that these be treated as payments for college expenses. The court does not find that such family gifts are to be so treated CT Page 10745 under the terms of the agreements.
Transfers of money from a custodial account established in his son's name as a repository for past gifts likewise are irrelevant.
The defendant further claims that Robert, Jr. had failed to show an aptitude for college and that he was therefore not obligated to pay expenses but merely agreed to some limited voluntary contribution after this lack of aptitude relieved him of any contractual obligation. While Robert, Jr.'s academic record is not impressive, he achieved passing grades at a two-year college after his poor showing at Northeastern.
In the absence of any definition of "aptitude" in the agreements, the court will interpret this condition as indicating the minimal ability necessary to pursue college level courses. Robert, Jr. has exhibited aptitude to that extent.
With regard to the defendant's younger son, Peter Clark Daddona, the court finds that since this son's high school graduation in June 1989, the defendant has failed to pay the following expenses which he is obligated to pay under the terms of the contractual agreement set forth above.
1989-90 $ 0
1990-91 0
 1991 8,574.56 — tuition (including $250.00 deposit)
 521.98 — books -------- TOTAL $ 9,096.54
The defendant claims that the obligations imposed by Exhibits A and B are superseded by verbal agreements he made with his sons. Since Exhibit B expressly makes payment of college expenses non-waivable except in writing, and since there is no written waiver in evidence, the defendant's claim is rejected.
The plaintiffs seek money damages as to past expenses and declaratory and injunctive relief as to the future college expenses of Peter. The evidence indicates that the defendant has steadfastly refused to honor his contractual obligations, has tried to avoid them, and has made payments only when threatened with court proceedings. Declaratory and injunctive relief are clearly warranted to prevent the need for repeated resort to the courts. Berin v. Olson, 183 Conn. 337 (1981). The requirements CT Page 10746 of 390 P.B. are satisfied, and declaratory relief is necessary to resolve the parties' disagreements as to the defendant's obligations pursuant to Exhibits A and B.
Judgment shall enter in favor of plaintiff, Robert L. Daddona, Jr., against the defendant in the amount of $4,849.76. Judgment shall enter in favor of plaintiff, Peter Clark Dadonna, against the defendant in the amount of $771.98.
A declaratory judgment shall enter in favor of the plaintiffs as follows: It is the obligation of Robert L. Daddona, Sr., to pay for the tuition, room and board, college fees and books of plaintiff, Peter Clark Daddona, within ten days of receipt of bills for those expenses for the 1991-92 academic year (other than the $771.98 which is recoverable as damages) and for such academic years as Peter is engaged in obtaining a college education, up to a total of four years of such expenses, terminating when Peter reaches age 23. Payment for fees due as to the Fall 1991 semester shall be made within three days of this order.
The defendant in his individual capacity is hereby enjoined from failing to pay all such future expenses within ten days of presentation of bills to him. The defendant in his capacity as trustee is hereby enjoined from failing to pay all such expenses from the trust upon declaration of a default in his performance of his individual obligations. "Default" is established as provided in Exhibit B at paragraph 5.
The plaintiffs shall recover their court costs.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT