[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION FOR STAY
Plaintiff applies for a stay of "implementation of the Declaratory Ruling issued by the State Board of Mediation and Arbitration [(Board)] . . . January 19, 1993" because the ruling "is beyond the jurisdiction of the [Board]" and in violation of law.
Plaintiff is an employer within the meaning of the State Employees Relations Act (hereinafter SERA); Conn. Gen. Stats.5-270 et seq.
Defendant is and has been an employee organization within the meaning of SERA and the exclusive bargaining representative for the maintenance and service (NP-2) bargaining unit over a period of several collective bargaining agreements. CT Page 5337
Newgate Prison is operated by the State Historical Commission as a tourist attraction and employs several workers who perform guide and maintenance functions.
In June of 1991 the State had recognized the CEUI as the representative for those individuals employed as guides at the Newgate Prison. At that time the parties had started negotiations and an NP-2 unit collective bargaining agreement between plaintiff and defendant was in effect through June 30, 1991. Defendant first proposed full contract benefits and wage increases for the guides retroactive to July 1, 1988, which was a period of time prior to their inclusion in the NP-2 Unit. Throughout negotiations the CEUI sought wage and salary step increases retroactive to July 1, 1988 and a $1,000 bonus payment for each year of employment prior to July 1, 1988. Negotiations continued into September 1991.
After the close of the negotiating session on September 17, 1991, plaintiff submitted a revised settlement offer and requested a prompt response. On September 27, 1991, plaintiff wrote the defendant indicating that impasse had been reached in negotiations and that the State planned to implement its last offer effective September 30, 1991.
On November 19, 1991 defendant filed with the State Board of Mediation and Arbitration pursuant to Conn. Gen. Stats. 5-276, as amended by Public Act 91-290, for interest arbitration about guide negotiations. Attached to that filing was a list of the issues as to which impasse had been reached.
Plaintiff objected to defendant's request for arbitration claiming that Public Act 91-290 is inapplicable to these negotiations, because these negotiations were concluded prior to the effective date of that Act. Plaintiff also claimed that under existing law it may implement its last offer.
On December 6, 1991 the Director of the Board wrote to the parties directing them to select an arbitrator pursuant to Conn. Gen. Stats. 5-276a(d). Defendant again objected to arbitration by a letter of December 23, 1991 to the Director of the Board asserting that the State Board of Labor CT Page 5338 Relations is the appropriate authority to determine statutory compliance.
On December 30, 1991 defendant wrote to the Director of the Board expressing its intent to proceed to binding arbitration.
On March 26, 1992 the Board initiated a petition for declaratory ruling, sua sponte, regarding its jurisdiction to act pursuant to Conn. Gen. Stats. 5-276a(d) of SERA and mailed it to the parties. Upon receipt plaintiff objected to the jurisdiction of the Board in rendering such a ruling and argued on the merits that Conn. Gen. Stats. 5-276A(d) has no application to the instant negotiations.
On March 31, 1992 a hearing was commenced by the Board at which the parties appeared. Briefs were submitted; the last on July 14, 1956, and on January 19, 1993 the Board issued its Declaratory Ruling wherein it found, inter alia,:
Conn. Gen. Stats. 5-276a(c) and (d) as amended October 1, 1991, are applicable to the current circumstances; the Board has jurisdiction over those negotiations pending prior to October 1, 1991; and it may order the parties to proceed to last best offer binding arbitration.
Law
I. Court's Basis to Grant Stay
The court will try to use the criteria as variously described in Griffin Hospital v. Commission on Hospitals Health Care, 196 Conn. 451, 455-461.
II. Statutory Interpretation
Public Act No. 91-290 is a short, simple piece of legislation which reads in full as follows:
 AN ACT CONCERNING THE TIME PERIOD FOR NEGOTIATION PRIOR TO ARBITRATION UNDER THE STATE EMPLOYEE COLLECTIVE BARGAINING PROVISIONS.
Subsection (c) if section 5-276a of the general CT Page 5339 statutes is repealed and the following is substituted in lieu thereof:
(c) If, after a reasonable period of negotiation, OR IN THE CASE OF NEGOTIATIONS BY THE PARTIES TO AN EXISTING COLLECTIVE BARGAINING AGREEMENT TO REVISE SUCH AGREEMENT CONCERNING ANY MATTER AFFECTING WAGES, HOURS AND OTHER CONDITIONS OF EMPLOYMENT, AFTER NINETY DAYS FROM THE COMMENCEMENT OF SUCH NEGOTIATIONS, the parties are unable to reach an agreement, both parties or either of them may initiate arbitration by filing with the state board of mediation and arbitration a list of the issues as to which an impasse has been reached. If such filing is not made jointly, a copy of the filing shall be served on the other party.
The Act is effective October 1, 1991. Conn. Gen. Stats.2-32.
A. Jurisdiction
The statute clearly gives jurisdiction to the Board. The question is when did the Board get jurisdiction?
B. Retroactivity
There is nothing in P.A. No. 91-290 to suggest that the legislature either did or did not intend retroactivity. However, the purpose of the statute has to do with the powers and duties of the two agencies, not the parties. Chieppo v. Robert E. McMichael, Inc., 169 Conn. 646, 650.
 "The legislature may regulate the remedy and the method of procedure under a past as well as future contract so long as it does not impose new restrictions upon the enforcement of a past contract so as materially to lessen its value and benefit to either party."
It is true that statutes affecting substantive rights are presumed to operate prospectively. Hunter v. Hunter,177 Conn. 327, 332. The court sees no substantive rights involved here.
III. Stay CT Page 5340
The court cannot conclude that plaintiff may probably prevail on full trial.
In balancing harm plaintiff has not persuaded the court that it will be more likely to be injured by lack of a stay than defendant would be by a stay.
Stay is denied.
N. O'Neill, J.
Next page is 5346 CT Page 5346