[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Joseph Chiarelli for plaintiff. CT Page 7653
Delaney, Zematis, Donahue, Durham Noonan for defendant.
This case comes before the court on the motion of defendants Town of Branford and its first selectperson, Judy Gott, ("municipal defendants") who seek summary judgment as to the third and fourth counts of the second amended complaint. The movants assert that General Statutes § 52-557n(a)(1) bars the plaintiff's claims asserting liability pursuant to General Statutes § 7-465 (third count) and common law nuisance (fourth count). Specifically, the movants claim that the cited provision of the Tort Reform Act of 1986 makes invocation of the defective highway statute, General Statutes § 13a-149, the plaintiff's exclusive remedy and precludes assertion of the challenged causes of action.
The plaintiff objects that this legal claim was previously rejected when a motion to strike was denied in this case and that § 52-557n(a)(1) is inapplicable because the date of the accident predated the effective date of § 52-557n(a)(1).
The first count of the second amended complaint alleges that the plaintiff's ward, Patricia Jordan, was a pedestrian walking along West Main Street in Branford on April 26, 1986, and that she was struck by a motor vehicle. The plaintiff claims in this count that her ward was injured because of defects in the highway including lack of a marked shoulder or sidewalk, lack of lighting and water conditions that interfered with pedestrian traffic. The plaintiff claims that the municipal defendants are liable pursuant to the municipal defective highway statute, General Statutes § 13a-149.
The second count of the complaint is directed against other defendants.
In the challenged third count, the plaintiff claims that the municipal defendants are liable pursuant to General Statutes § 7-465, which provides for indemnification of municipal employees and officials; and in the challenged fourth count she claims that the Town of Branford is liable under principles of common law nuisance.
Though claims of legal sufficiency may also be raised by a motion to strike, summary judgment may appropriately be granted when, as a matter of law, a party cannot prevail on a claim because of a statutory bar as to which there are no disputed factual issues. Nolan v. Borkowski, 206 Conn. 495, 505-7 (1988). CT Page 7654
The plaintiff asserts that this court is bound by the law of the case and represents that in 1990 another judge denied a motion to strike based on the same grounds. Though Justice (then, Judge) Berdon did indeed rule on a motion to strike by an order dated July 23, 1990, the grounds for the motion do not appear to have been the same grounds as are now raised.
The portions of General Statutes § 52-557n on which the movants rely provide in pertinent part as follows:
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by acts or omissions of such political or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to § 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
The effective date of this legislation is October 1, 1986. P.A. 86-338, § 17.
In Sanzone v. Board of Police Commissioners, 219 Conn. 179
(1991) and Cook v. Turner, 219 Conn. 641 (1991) the Supreme Court affirmed trial court rulings striking nuisance counts from cases alleging defective highway claims against municipalities, on the ground that § 52-557n precluded such claims. The court in Sanzone
also ruled that this statute "removes torts related to highway defects, from the class of torts for which municipal employees may be indemnified under § 7-465(a);" Sanzone v. Board of PoliceCommissioners, 219 Conn. 193, though it does not affect a plaintiff's right to such recovery from the negligent employee himself, rather than from the municipality via indemnification. CT Page 7655
The plaintiff objects that since § 52-557n, which was enacted as Section 13 of P.A. 86-338, had an effective date of October 1, 1986, it is inapplicable to this case, which concerns injuries sustained on April 21, 1986. The plaintiff takes the position that the limitations on municipal liability enacted in P.A. 86-338 cannot be applied to causes of action arising prior to October 1, 1986. The date of accident at issue in Sanzone is not revealed in the Supreme Court's decision. The date of the accident in Cook v.Turner is identified as October 3, 1986, such that the issue of retroactivity did not arise in that case.
The general rule is that where a legislative enactment does not indicate clearly by its language that it should be applied retroactively, it is to be applied only prospectively, that is, to claims arising after its enactment. McNally v. Zoning Commission,225 Conn. 9-10 (1993); Champagne v. Raybestos — Manhattan, Inc.,212 Conn. 509, 522 (1989).
In enacting the various measures of P.A. 86-338, the General Assembly specifically designated some, such as Sections 1, 4, 6(b) and 11, as being applicable to claims accruing after the effective date of the act. Other sections, including Section 13, the provisions of which are at issue here, contain no specific statement as to the effective date or application either to pending cases or to causes of action that have already accrued.
As the Supreme Court stated in Champagne v. Raybestos-Manhattan,Inc., 212 Conn. 522, "the applicable substantive law is that in effect at the time the action accrues. The only exception to this rule is when the legislature enacts substantive legislation and unequivocally declares that the new legislation is to be given retroactive effect. State v. Lizotte, 200 Conn. 734, 740-41,517 A.2d 610 (1986); Hunter v. Hunter, 177 Conn. 327, 331,416 A.2d 1201 (1979)."
In the absence of any indication that the legislature meant § 52-572m to apply to actions that accrued before its effective date, the Court in Champagne ruled that the changes enacted in that provision did not apply to a cause of action that had accrued before the effective date of the legislative change. Champagne v.Raybestos — Manhattan, Inc., 212 Conn. 522.
In Connecticut, a cause of action accrues when the plaintiff suffers actionable harm. Roberts v. Caton, 224 Conn. 483, 490
CT Page 7656 (1993), that is, on the date of the event claimed to have produced the injuries, in this case, April 26, 1986.
Portions of the Tort Reform Act of 1986 on which the movants rely bear no unequivocal legislative statement of intent to apply to causes of action arising before October 1, 1986. In the absence of any clear intent as to retroactive application, the provisions cited by the movants do not apply to the plaintiff's cause of action, which accrued on April 26, 1986.
The municipal defendants' motion for summary judgment as to counts three and four of the second amended complaint is denied.
Beverly J. Hodgson Judge of the Superior Court