EVELYN G. MATLES *v.* HAROLD MATLES
(4567)

HULL, BORDEN, and SPALLONE, Js.

Submitted on briefs May 19—decision released July 1, 1986

*Julie A. Harris* filed a brief for the appellant (plaintiff).

*Jeffrey D. Mickelson* filed a brief for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from the trial court's modification of the judgment of dissolution regarding an order of unallocated alimony and support. She claims that the court erred (1) in modifying the award on the basis of the defendant's increased expenses where the increases were attributed to the support of the defendant's adult children, (2) in modifying the award on the basis that the minor child was no longer in need of support where that circumstance was foreseeable, and (3) in finding that the change in the plaintiff's assets and liabilities warranted modification in the absence of evidence that such a change was unforeseeable.

The marriage of the parties was dissolved in 1972. At that time, the court awarded custody of the parties'

two minor children to the plaintiff and ordered the defendant to pay periodic alimony in the amount of $90 per week, reduced to $77.50 per week when the youngest child reached first grade, and $38.75 per week per child as child support.

Thereafter, on two occasions, the court modified the orders of alimony and support. The first modification occurred on May 27, 1981. The court ordered the defendant to pay $135 per week as alimony and $60 per week as child support. Later, on November 19, 1982, the court, heeding the request of both parties and in accordance with their agreement, ordered the defendant to pay $195 per week as unallocated alimony and support.

On May 17, 1985, the youngest child, David, turned eighteen. The defendant unilaterally ceased making payments, contending that he was not required to do so because his son had reached the age of majority. On June 4, 1985, the plaintiff filed a motion for contempt which was followed, on June 13, 1985, by the defendant's motion for modification of the unallocated alimony and support orders. Both motions addressed the effect, if any, the child's attainment of his majority had on the defendant's obligation to pay.

The trial court held a hearing on the plaintiff's motion for contempt and found that although the defendant should not have made a unilateral decision to discontinue the support payments, he did not do so wilfully and was therefore not in contempt. The court, however, ruled that because the defendant did not seek authority from the court to cease or reduce payments, the defendant was liable for arrearages and counsel fees. The court continued the matter for a further hearing with regard to counsel fees, costs and arrearages.

Subsequently, on September 23, 1985, the defendant's motion for modification was heard. After hear-

ing testimony and reviewing financial affidavits and other evidence, the court concluded that a modification of the order was justified. As a result, the court held that the defendant was no longer responsible for child support and modified the order of unallocated alimony and support of $195 per week to periodic alimony of $100 per week which was to be paid for a period of two years, after which all payments were to terminate. The court also ordered the defendant to pay arrearages and counsel fees to the plaintiff. The plaintiff has appealed from the court's order.

Although the plaintiff sets forth her claim of error in three areas, the fundamental question that we must answer involves the proper procedure to be followed by the parties and the court when there is extant an order of unallocated alimony and support and the youngest child attains his majority.

There is no question that, absent a written agreement signed by the parties, the court has no jurisdiction to make any orders for the support of a child who has reached the age of eighteen. *Venuti* v. *Venuti,* 185 Conn. 156, 160 n.3, 440 A.2d 878 (1981), citing General Statutes §§ 1-1d, 46b-66; *Gallo* v. *Gallo,* 184 Conn. 36, 46–47, 440 A.2d 782 (1981); *Broaca* v. *Broaca,* 181 Conn. 463, 465–66, 435 A.2d 1016 (1980).

In this case, the trial court was confronted with the resolution of an existing court order for unallocated alimony and support, and the fact that the defendant was no longer required to support the child who had reached his majority. There is no automatic resolution of this problem. Inherent in an order of unallocated alimony and support is that some portion of the order is attributable to the payor's obligation to support the child. When the obligation to support the child no longer exists, it becomes appropriate for the trial court to re-examine the facts and circumstances of the parties as

they exist at the time of such occurrence and to modify any such orders to reflect the changed circumstances.

Although we have no cases exactly on point to guide us with respect to the facts in this case, our Supreme Court, in a per curiam opinion, has recognized the principle of the severability of child support from alimony where the order was for unallocated alimony and support. *Miller* v. *Miller,* 181 Conn. 610, 613–14, 436 A.2d 279 (1980). In *Miller,* the Supreme Court was confronted with a situation where the trial court found that the defendant husband had failed to make unallocated alimony and support payments pursuant to the trial court's pendente lite orders. Although the order in that case differed from the order in this case inasmuch as it was a pendente lite order, the principle involved is exactly the same. While the pendente order was in effect in *Miller,* the youngest child, the subject of the order, attained his majority, whereupon, the defendant husband ceased to make the payments as mandated by the order. Incorporated in its judgment, as rendered in its decree dissolving the parties' marriage, was the trial court's finding that the defendant failed to make payments for unallocated alimony and support in the amount of $3048.44, which amount was the total sum due, unallocated between alimony or child support. The Supreme Court, in finding error, reiterated the proposition that an order requiring the payment of child support beyond the age of majority "is of no force and effect as a court order." Id., 614, citing *Kennedy* v. *Kennedy,* 177 Conn. 47, 52, 411 A.2d 25 (1979). The court concluded that to the extent that the judgment required the payment of support for the child after the date of the child's attainment of majority, it was in excess of the court's jurisdiction. *Miller* v. *Miller,* supra, 614. The court remanded the case to the trial court for a hearing to determine what portion, if any, of the pendente lite order of unallocated alimony and

support required to be paid after the child reached majority constituted child support, and "to deduct that amount from the arrearage due the plaintiff." Id.

We conclude that the Supreme Court's ruling in *Miller* is applicable in this case. Although the plaintiff argues correctly that ordinarily a modification of any order issued by a trial court in a dissolution proceeding is not allowed unless there is a change in circumstances not contemplated by the parties; General Statutes § 46b-86 (a); *McCann* v. *McCann,* 191 Conn. 447, 450–51, 464 A.2d 825 (1983); the circumstance in this case differs from the usual case where a modification is requested. Here, we are faced with a situation where an event certain, the attainment of majority by the child, inevitably is bound to occur. Under such circumstances, logic and reason leads us to conclude that when an order for unallocated alimony and support is entered and when that order does not contain a provision for specific reduction or reallocation upon the child's majority, there is implicit in such order the contemplation that when the child attains majority the trial court, upon motion of either party, must conduct a hearing to ascertain what part, if any, of the order is then attributable to child support and it must modify the order to reflect the same. See *Miller* v. *Miller,* supra, 614.

After grounds for modification have been shown, as in this case, the trial court is entitled to consider all the factors, as mandated by General Statutes 46b-82, available in determining the initial award. *Cummock* v. *Cummock,* 180 Conn. 218, 221–22, 429 A.2d 474 (1980). Stated otherwise, where a court order by its very nature requires a modification to conform it to the jurisdiction of the court, that court, in making such modification, must be guided by the standard set forth in General Statutes 46b-82, which states in pertinent part: "In determining whether alimony shall be

awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes of the annulment, dissolution of the marriage or legal separation, the age, health, station, amount and sources of income, vocational skills, employability, estate and needs of each of the parties. . . . ''

It is well established that a trial court is afforded broad discretion, where a modification is warranted, in fashioning its new award. The action of the trial court will not be disturbed unless it is apparent that the court abused its legal discretion. In determining whether it did so, great weight is due the court's action and every reasonable presumption will be made in favor of its correctness. *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980); *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979); *Ayers* v. *Ayers,* 172 Conn. 316, 322, 374 A.2d 233 (1977). This standard of review requires more than a mere disagreement with the trial court's decision. '' 'A mere difference of opinion or judgment cannot justify our intervention. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference.' '' *Gallo* v. *Gallo,* supra, 44–45.

Our review of the record, transcript and briefs indicates that the trial court did not abuse its discretion when it concluded that the order of unallocated alimony and support entered in this case was subject to modification. Further, the trial court's fashioning of the modification was appropriate and in accordance with the law. The arguments pressed by the plaintiff in support of her position that the court erred in modifying the award are unpersuasive.

There is no error.

In this opinion the other judges concurred.