[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION
This is the second time this matter has been before the court since the original decree in July, 1988, now a little more than two years ago. This matter was before he court in September of last year on the defendant's motion for modification. That motion was denied for failure of the defendant to sustain his burden of proof that there has been a substantial change of circumstances since July, 1988 such that there should be a modification of the court's decree.
The parties are before the court this time on the plaintiff's motion for modification claiming that there has been a substantial change in the defendant's circumstances such that the original decree should be modified.
It is important in the consideration of this matter that the factors of 46b-82 of the General Statutes be set forth. As noted previously, this was a marriage of 30 years. The plaintiff is now 53 years of age (the court's previous memorandum incorrectly stated that the plaintiff was then 62 years of age), in good health and resides in Palatine, Illinois, a suburb of Chicago. As previously noted, she has been engaged as a full time student at Harper Community College and has spent the last three semesters taking courses to be eligible to enter a two year course leading to certification as a registered nurse. She will start the nursing program on August 20 and expects to complete the nursing course in May, 1992.
Since the hearing on the previous motion, the property owned by the parties in Easton has been sold. When that occurred, the alimony payments to the plaintiff increased from $2,000.00 per month to $2,500.00 per month pursuant to the provisions of the original decree.[1] The property was sold in April so the first $2,500.00 payment to the plaintiff was in May. As of the date of the hearing, the defendant was behind $500.00 for the month of June and expects to make up that payment in August.
The defendant is 58 years of age and is a partner in the accounting firm of Laventhol Horwath. He is taking early retirement from that firm and, as of July 31, 1990, has retired. At the time of the hearing upon this motion on July 26, 1990, he planned to leave this area on July 31, 1990 and move to Arizona where he intended to become a partner in an Arizona accounting firm in which he expects to receive $50,000.00 per year. His reasons for taking early retirement were: the reduction in his unit of participation, the pressures exerted on collection of receivables, and the pressures exerted when he lost some of his largest clients. The effect of all of this was a reduction in the money he was receiving from the firm. CT Page 1617
At the time of the original decree the parties had agreed in their property settlement agreement that the plaintiff would receive 40 per cent of any payments received by the defendant from Laventhol Horwath upon his retirement and 40 per cent of any social security retirement benefits received by the defendant. Because of the defendant's retirement before age 62, there is no social security benefits to be received at this time. The defendant will receive $28,000.00 per year retirement benefits from Laventhol Horwath or $2,340.00 per month. Forty per cent of that amount is $936.00 per month.
The plaintiff's motion for modification is filed pursuant to the provisions of 46b-86 (a) of the General Statutes. Since the original decree was entered on July 20, 1988, it would appear that 46b-86 (a) as amended by P.A. 87-104, effective October 1, 1987, would be controlling and that it would not be necessary for the plaintiff to prove that the "substantial change of circumstances" was not contemplated by the parties. Whether or not this is so, the statute does require that there be a showing of a "substantial change of circumstances" for the court to order a modification.
The court finds that there has been a substantial change of circumstances. While it may be unnecessary, the court finds, also, that this substantial change was not contemplated by the parties at the time of the decree. While it would appear that certain of the provisions of the property settlement agreement executed by the parties might preclude modification by the court, the court has heretofore ruled that the court does have the power to modify its own decree pursuant to the provisions of 46b-86 (a) of the General Statutes.
It is the plaintiff's position that it was not contemplated that at the age of 53 her alimony income would be reduced from $2,500.00 per month to $936.00 per month and that the defendant's retirement at age 58 from Laventhol Horwath is a substantial change of circumstance. She feels she should receive, in addition to her 40 per cent of the defendant's retirement income from Laventhol Horwath, some part of the defendant's expected earnings as a partner in the accounting firm in Arizona which is to commence September 1, 1990.
The defendant, in response to his counsel's question: "Did you think of retirement at the time of the divorce?" answered as follows: "Oh, eventually I would retire, and I didn't think that I would have the problem. I didn't think that Laventhol and Horwath would have a serious decrease in income. I didn't think that things that happened would happen, and I am just concerned that I cannot meet the obligation that I've CT Page 1618 incurred, and I am just looking to change everything."
It is interesting that this is the defendant's statement on the plaintiff's motion for modification. It supports the court's finding that there is a substantial change of circumstances and that this substantial change of circumstances was not contemplated by the parties at the time of the original decree.
In ruling upon a motion for modification, the trial court is entitled to consider all of the factors of 46b-82 of the General Statutes. McCann v. McCann, 191 Conn. 447, 452
(1983); Cersosimo v. Cersosimo, 188 Conn. 385, 404 (1982); Hardisty v. Hardisty, 183 Conn. 253, 258 (1981); Matles v. Matles, 8 Conn. App. 76, 81 (1986f). For modification of alimony the burden of proof rests upon the moving party to show that continued operation of the original order would be unfair or improper. McGuinness v. McGuinness, 185 Conn. 7, 10 (1981).
The court finds that it would be unfair and inequitable that alimony reduce to $936.00 per month. The original decree of July 20, 1988 would require alimony to reduce to $936.00 per month. The court modifies that decree and orders that effective August 1, 1990 the defendant shall pay to the plaintiff by way of alimony an amount of $1,800.00 per month terminable upon the death of either of the parties or the plaintiff's remarriage.
From and after August 1, 1990, of the amount of $1,800.00, $864.00 shall be taxable to the plaintiff upon receipt and, when paid by the defendant, shall be deductible by him for income tax purposes. That amount of the $1,800.00 which the court considers as 40 per cent of the defendant's retirement from Laventhol and Horwath ($936.00) shall not be taxable for income tax purposes to the plaintiff nor deductible by the defendant.
At such time as the defendant retires from full time employment, alimony, if it has not previously terminated, shall reduce to 40 per cent of the defendant's total retirement income which shall include his retirement income from Laventhol 
Horwath and his retirement income from any other source excluding, however, payments from any 401(K) plan, Keogh plan or IRA accounts, plus 40 per cent of any social security retirement benefits received by the defendant, reduced on a dollar for dollar basis by any social security retirement benefits received by the plaintiff. At such time as the alimony payments reduce by reason of the defendant's retirement from full time employment, the payments to the plaintiff shall not be taxable to her nor deductible by the defendant but shall be "net" of any CT Page 1619 such taxes to the plaintiff. The payments of alimony to the plaintiff shall not be reduced by reason of any income received by the plaintiff, whether by salary or otherwise, except as noted above for social security benefits received by her.
So much of the decree of July 20, 1988 as required the defendant to maintain life insurance naming the plaintiff as primary beneficiary shall be modified to provide that the defendant shall maintain life insurance in an amount of One Hundred Twenty Thousand ($120,000.00) Dollars naming the plaintiff as primary first beneficiary of such policy for so long as he is obligated to pay alimony to the plaintiff.
The judgment of July 20, 1988 shall be modified in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE