[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION
The plaintiff seeks to modify orders re unallocated alimony and support entered July 29, 1984. The marriage dissolved was a 19 year marriage. Custody of the two minor daughters, then ages 15 and 13 years, have now attained 18 years.
At the time of the dissolution and as late as February 9, 1987, the plaintiff husband who has remarried, modified the original degree to make specific provisions to pay for private high school tuition. No such obligation was agreed to as to the tuition for college related expenses in the future.
The plaintiff now seeks to modify the order re unallocated alimony and support of $250.00 per week on the grounds that the children now are 18 years of age and that the income and assets of the defendant have increased. CT Page 189
The plaintiff is a principal of a West Haven school. The defendant is also a teacher in the Milford school system. The plaintiff has taught 27 years and the defendant 15 years.
The original decree bargained between the parties provides for unallocated orders (a tax advantage for the plaintiff) with no provision for modification after the children reach 18 years.
"When the obligation to support no longer exists it becomes appropriate to reexamine the facts and circumstances of the parties of unallocated orders. Matles v. Matles,8 Conn. App. 76. "There is no question that absent a written agreement signed by the parties the court has no jurisdiction to make any orders for the support of a child who has reached the age of eighteen." Id. at page 79.
It is however well established that the trial court has broad discretion in fashioning a new award. Matles, supra.
The defendant wife testified at trial that she spends part of her money on her child's education. She does so voluntarily.
The plaintiff who at the time of the dissolution earned $685 gross, now earns $1,400 gross. The defendant wife earned $372 and now earns $773. Both parties have enjoyed increases in salaries. No prior modification was sought for alimony.
The defendant wife still maintains the original family home. The plaintiff husband has interests in two homes, one of which is located in Naples, Florida.
The plaintiff argues that since there is no obligation to pay for children attending college or that it serve as a basis for an increase in alimony [see Cariseo v. Cariseo,190 Conn. 141], that the present order should be reduced by two-thirds because the financial affidavit of the defendant lists a cost of $282 for college.
The financial affidavit of the defendant wife dated October 12, 1990 demonstrates a shortfall of $258. The plaintiff husband shows a shortfall of $35 per week on his affidavit for weekly expenses which include his payment for the unallocated orders.
The defendant relies on England v. England, 138 Conn. 410
CT Page 190 at 415 that her standard of living properly be provided by alimony is that which the husband can afford.
The defendant's affidavit shows a large range of expenses, some of which appear duplicative, i.e., IRS tax estimate and miscellaneous expenses $37.54 per week and insurance premiums for automobiles of $63.85.
The defendant enjoys many social and vacation benefits, all items being particularly itemized in her financial affidavit. The defendant's net worth exceeds $110,000, a substantially larger amount than at the date of the dissolution. The plaintiff shows a net worth of $36,000.
Neither party is substantially hard pressed by outstanding liabilities.
The shortfall demonstrated by the defendant results from the payment of college tuition. As earlier noted, such payments are voluntary and commendable.
On the other hand, the plaintiff does not have the legal obligation to support beyond 18 years.
The parties have not reduced their style of living notwithstanding sending the child to college.
Inherent in an order of unallocated alimony and child support is that some portion is attributable to child support. Mantles, supra.
The plaintiff argues that $328.64 of defendant's expenses is attributable to child support. (See plaintiff's memorandum, 11/2/90). The plaintiff further argues that there is a shortfall of only $88.64 to the defendant.
Accordingly, the motion to modify is granted. The obligation to support no longer exists under the circumstances of this case and is terminated. Alimony is ordered in the amount of $160.00 per week.
Frank S. Meadow, Judge