[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT (DOCKET ENTRY No. 107) AND MOTION FOR POST JUDGMENT MODIFICATION (DOCKET ENTRY No. 108)
A decree of dissolution of the parties' marriage was granted on November 16, 1990, after a ten year marriage. The defendant was ordered, inter alia, to: pay $255.00 per week in alimony, $100.00 per week on an arrearage of $1,000.00 alimony pendente lite, maintain medical and hospitalization insurance for the benefit of the plaintiff, pay all of the plaintiff's medical and hospital expenses not covered by insurance, maintain a life insurance policy insuring his life in an amount of not less than $100,000.00 naming the plaintiff as irrevocable beneficiary thereon until her death or remarriage and to provide evidence of such policy upon reasonable request, pay certain debts for past medical services rendered to the plaintiff, and pay $1,500.00 to plaintiff's counsel as a contribution to her. attorney's fees.
The plaintiff says the defendant made nine payments of alimony. The defendant says he made eleven payments. The CT Page 5862 defendant has the burden of demonstrating his eleven payments. since he has not done so, the court finds that he has made nine payments only since November 16, 1990. The court finds an arrearage, therefore, on the current orders of alimony in the amount of $5,100.00 as of June 13, 1991 (twenty weeks counting week ending June 7, 1991).
The defendant has made no payment on the $1,000.00 pendente lite arrearage, has failed to maintain the medical and hospitalization insurance, has evidenced no proof of the existence of life insurance as ordered by the court although he has been requested to do so, has not paid any of the debts as ordered and has not paid the attorney's fees as ordered.
The defendant has had the means and financial ability to pay these orders. At the time of the decree the family homestead was assigned to the defendant because the mortgage was badly in arrears, and it appeared that its equity value was zero. The defendant has given his mortgage payments priority over the payments to the plaintiff. The court finds that there has been an intentional and willful disregard of the court's orders and finds the defendant in contempt of this court's orders.
The defendant's financial affidavit discloses no liquid assets. He recently filed for reorganization under Chapter 13 of the Bankruptcy Code so has no assets other than the house awarded in the judgment in which there is no equity, a 1989 Hyundai with an equity of $1,268.00 and household furniture he values at $2,000.00. He lives with his girl friend, Robin Hall, who, alone with his mother, helps in his decorating business. He started an interior decorating business called Classic Decorating in February of this year with its grand opening in March.
The defendant's regular business, truck driving for Sears, has been cut back. He receives $25.00 per delivery, whereas in 1990 he had 50-60 stops per week, he now has 20-30. His net income for 1990 he claims was $28,000.00. He claims that for 1991 he will net between $12,000.00 and $15,000.00. In addition, he has income from his decorating business which he reports is $200.00 per week. In September, 1990 he taught upholstery for the adult education program in Fairfield for eight weeks and earned $38.00 per week.
Defendant's motion for modification is filed pursuant to 46b-86 (a) of the General Statutes. To prevail on such a motion, the movant must demonstrate that there has been a substantial change of circumstances such that to continue the current orders of the court would be unfair or improper. CT Page 5863 McGuinness v. McGuinness, 185 Conn. 7, 10 (1981). In ruling upon a motion for modification the trial court is entitled to consider all of the factors of 46b-82 of the General Statutes. McCann v. McCann, 191 Conn. 447, 452 (1983) ; Cersosimo v. Cersosimo, 188 Conn. 385, 404 (1982); Hardisty v. Hardisty,183 Conn. 253, 258 (1981); Matles v. Matles, 8 Conn. App. 76, 81
(1986).
Having considered the evidence and all the factors of46b-82 of the General Statutes, the court finds that the defendant has sustained his burden of proof on the motion and that continued operation of the orders would be unfair or improper. The court, therefore, orders that alimony shall be reduced to $200.00 per week effective June 14, 1991. The defendant shall be credited with any payments made between June 14 and the date hereof. Any excess payments shall be credited against the arrearage previously determined.
As to the arrearages previously determined on plaintiff's motion for contempt, the defendant may purge himself of his contempt by the payment of $6,100.00, by the payment of $1,500.00 attorney's fees, by obtaining a medical and health plan that will provide coverage for the plaintiff, although it may exclude coverage for any preexisting conditions, has paid the debts previously ordered to be paid, and provided proof of life insurance as originally decreed. All of these orders must be complied with.
It is expected that the defendant will comply with the current orders of alimony. It is recognized that the defendant's asset situation is such that there can be no substantial payments on the arrearages. Some amounts, however, must be paid as the defendant is financially able to do so. The life and medical insurance provisions must also be satisfied.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE