[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION TO REOPEN JUDGMENT BASED ON FRAUD AND LACK OF SUBJECT MATTER JURISDICTION (DATED JUNE 28, 2991)
A decree of dissolution was entered in this matter in May 1980. The Separation Agreement of the parties dated May 20, 1980 was approved and incorporated by reference into the file.
Article II Alimony and Support, Paragraphs 2.1 and 2.3 provided that "the husband shall pay, during his lifetime, to the wife during her lifetime and until her remarriage, allowances as alimony and the support of the wife and the minor children at the rate of $38,000 per year payable in equal monthly installments of $3,166.66 per month in advance."
The Agreement also provided for a cost of living adjustment and provided income levels for purposes of modification in the future by either party.
Article II, paragraph 2.3 provided for the amount of support to be provided by the husband in the event the wife should remarry, said support to be paid by the husband until such child attains the age of 18 years, marries, dies or becomes wholly self supporting, whichever event shall first occur.
On July 9, 1990 the defendant filed a motion to allocate support of judgment of unallocated alimony and support and terminate support. All three children issue of the marriage are over the age of 18 years and the plaintiff has not remarried.
A hearing was held on the defendant's motion. Both parties appeared and both parties were represented by counsel. On July 16, 1990 after a hearing on the motion, the court granted the defendant's motion and allocated the previously unallocated award of alimony and child support. CT Page 9907
The plaintiff has now filed a motion to reopen the judgment based upon fraud and lack of subject matter jurisdiction.
The separation agreement provided for monthly payments of alimony and support for the wife and the minor children. (Article II, paragraph 2.1) There is no language in the agreement to indicate that the support obligation was to continue beyond the age of majority of the 3 children.
The Supreme Court has found a lack of subject matter jurisdiction where trial courts have ordered post majority child support in the absence of a written agreement to such an arrangement. Gallo v. Gallo, 184 Conn. 36, 46; Arseniadis v. Arseniadis, 2 Conn. App. 239, 243. Section 46b-56 C.G.S.A. authorizes the court to award support only to minor children.
In this case the agreement makes no provision not to change or modify the unallocated base award when the children reach majority. Article II, paragraph 2.3 makes provision for child support, until such child attains the age of 18 years . . . , in the event the wife should remarry. As indicated, all three children are now over the age of 18 years.
It is well settled that court orders for unallocated alimony and support are severable and when the obligation to pay child support ceases, as it has here, the court must make an appropriate allocation as circumstances require. Kolkmeyer v. Kolkmeyer,18 Conn. App. 336, 341.
Is this a post majority award as the plaintiff claims? Would the defendant be obligated to support the three children until their death so long as the plaintiff had not remarried? Do the circumstances here require the defendant to continue to support the post 18 children indefinitely in addition to paying for their college education, and miscellaneous expenses as set forth in Article III, paragraphs 3.1 and 3.2 of the separation agreement?
Inherent in an order of unallocated alimony and support, is that some portion of the order is attributable to the payor's obligation to support the child. When the obligation to support the child no longer exists it becomes appropriate for the trial court to re-examine the facts and circumstances of the parties. Kolkmeyer v. Kolkmeyer, 18 Conn. App. 336; Matles v. Matles,8 Conn. App. 76, 81.
The court finds in this case that it has jurisdiction to make an adjustment that the circumstances require. The court allocated an unallocated order of alimony and child support. The court did not modify any of the post-majority support provisions providing for the payment of educational expenses, life insurance and medical CT Page 9908 insurance premiums on behalf of the three children who are all over the age of 18 years.
It may be that the parties were not fully heard with respect to the issue of the amount of allocation. The plaintiff is now claiming fraud in the defendant's representations to the court as to his earnings.
It is therefore ordered that appropriate sworn financial affidavits be prepared and filed by the parties, and the matter be set down for a hearing as to the amount of allocation of alimony. The motion to reopen the judgment is granted only with respect to the amount of allocation of alimony.
COPPETO, J.