[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's postjudgment motion to modify alimony and child support. On July 17, 1984, the court, Loiselle, State Referee, entered a judgment dissolving the parties' marriage and ordered the defendant to pay the plaintiff $125 per week as unallocated alimony and child support. The judgment contained no provision terminating or reducing the unallocated order upon the parties' child attaining majority or for any other reason. On August 15, 1988, the defendant was adjudged in contempt by the court, Vasington, J., and ordered to pay the plaintiff an additional $25 per week against an arrearage of $7,275.
The defendant has complied with this combined order of $150 per week until the present. He continued to pay the additional $25 per week amount even though the arrearage was fully paid in April 1994 and despite the plaintiff's warning to him that the arrearage had been extinguished.
On September 9, 1994, the defendant filed the motion for modification sub judice requesting that the unallocated order of alimony and child support be terminated. The defendant contends that because his child reached majority on October 22, 1989, the parties' circumstances have changed substantially warranting modification of the unallocated award under General Statutes § 46b-86(a). The defendant also contends he is entitled to credit for the additional $25 per week he paid after April 1994 CT Page 2442 when the arrearage was eradicated for a total credit of $860.
The court concurs that the adulthood of the child constitutes a substantial change of circumstances requiring the court to revisit the unallocated alimony and support order. Inherent in an unallocated alimony and support order is that a portion of the order is attributable to the obligation of the parent to support the child, Matles v. Matles, 8 Conn. App. 76, 79 (1986). Once the child attains majority it is appropriate for the court to reevaluate the circumstances of the parties, Id, 79 and 80. There is no automatic solution to the problem, however, Id.
The court has examined the pertinent financial affidavits and the offers of proof and finds that, at the time of the dissolution, the plaintiff's net, weekly wage was about $165. The defendant's net, weekly wage was zero, but the trial court determined that his earning capacity at that time was $19,000 per year gross (Memorandum of Decision, July 17, 1984, p. 3). The plaintiff's current net, weekly wage is around $360. The defendant's current net, weekly wage is about $745.
After considering all the factors enumerated in General Statutes § 46b-82, the court finds that the unallocated order ought to be converted to an award of alimony to the plaintiff in the amount of $100 per week. The defendant's income has risen dramatically since the previous order. He now grosses approximately $55,000 per year. The plaintiff grosses around $23,000 per year. Although no single statutory factor is preferred, the relative financial circumstances of the parties are "highly significant" in determining monetary awards, Venutiv. Venuti, 185 Conn. 156, 161 (1981).
The defendant argues that he is entitled to credit for his payments of the additional $25 per week which exceeded the arrearage. The arrearage was extinguished in April 1994, but the defendant continued to pay the additional sum after extinction of that debt. The court disagrees with the defendant's position.
The plaintiff alerted the defendant that he had fulfilled his obligation as to the arrearage, but the defendant elected to continue to make the additional payments. Although there appears to be no Connecticut appellate decision on this point, the general rule gleaned from other jurisdictions is that a parent who makes voluntary payments to benefit a child in excess of the obligation imposed by the decree is not entitled to credit for CT Page 2443 such contributions, Zofcak v. Zofcak, Super. Ct., Fairfield J.D., d.n. 192716 8 CONN. L. RPTR. 18 (November 23, 1992); 47 A.L.R.3d 1035. The court sees no reason to depart from this general rule in this case.
For the above reasons, the court grants the motion to modify the unallocated order of alimony and support to the extent that it orders the defendant to pay the plaintiff $100 per week as alimony.