[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the family support magistrate (R. Sullivan) entered on January 31, 1996.
FACTS FOUND
On February 22, 1989, the marriage of the parties was dissolved by a decree of this court.
On June 26, 1992, the support obligation for the three children was modified to $300.00 per week. It was not entered on CT Page 5123-FF a per child basis. The $300.00 was for the three children. Consequently, there was no provision for determining by how much, if at all, the total support obligation would be reduced as each of the three children attained the age of majority.
On May 16, 1994, the defendant filed a motion for modification of the child support obligation. The basis for the motion was the unrefuted fact that Anna, one of the children for whom support was ordered, had turned 18 on December 23, 1993.
To add to the confusion, there is no agreement by counsel for the parties as to whether or not the movant was entitled to a retroactive application back to May 16, 1994 of any modification ordered by the magistrate. The motion, as noted, was not heard until January 31, 1996.
In his decision, the magistrate, finding that one of the children had reached the age of majority, modified the support obligation from $300.00 per week to $160.00 per week. The magistrate also found the defendant to be in arrears in the amount of $5,776.92 as of December 15, 1995 and ordered that the defendant pay an additional $30.00 per week on that arrearage — for a total effective order of $190.00 per week.
The magistrate denied the defendant's request for "the retroactive application of the order."
The obligation of a parent to provide support to his or her minor child is a statutory obligation as set forth in Sec. 46b-84, C.G.S. It is expressly provided in that statute that the obligation is to provide support for minor children (emp. added). A relatively recent amendment to that statutory obligation was enacted in 1994. It requires the parent to continue to support any unmarried child who has attained the age of 18, is a high school student and resides with a parent. That extended obligation ceases, however, at such time as the child attains the age of 19 or graduates from high school, whichever comes first. It applies only to marriages dissolved or annulled on or after July 1, 1994. Sec. 46b-84 (b), C.G.S.
The only other way the parent would have a legal obligation to continue to support a child after 18 is if that obligation is part of an express agreement of the parties which is incorporated into the judgment at the time the marriage of the parent is dissolved. There was no such agreement in the judgment in this CT Page 5123-GG case.
The defendant argued that he was not legally responsible for Anna's support after she turned 18 years of age. The court agrees.
Our Supreme Court has consistently held that support obligations cease after the child has attained the age of majority unless there is some binding agreement between the parties to the contrary.
To the extent that [a judgment] requires the payment of support for the child after [majority], it is in excess of the court's jurisdiction. It is of no force and effect as an order of the court. Miller vs. Miller, 181 Conn. 610, 613-614 (1980).
It is evident to the court that the parties to an agreement to support and education of children cannot impose jurisdiction on the court beyond that granted by the statutes. Kennedy vs.Kennedy, 177 Conn. 47, 53 (1979).
The plaintiff argued that while the defendant may not otherwise be legally responsible for support for a child who has attained her majority, his obligation continues unless and until a court grants a motion to modify that order and, further, that its application cannot be retroactive unless said motion was served upon the respondent pursuant to Section 52-50 C.G.S.
The defendant spent considerable time and energy in his brief arguing the legislative intent of Section 52-50, as well as the practical and equitable consequences of such a strict interpretation of that statute.
Neither of the parties should have centered their arguments around that statute and/or its intent and consequence.
The modification sought by the defendant is one to which he was entitled at the time his daughter reached the age of eighteen, as established in the cases cited above.
In each of those cases, the payor stopped paying an order for unallocated alimony and support. The instant case involves an order for support for more than one child.
The fact remains, however, that underlying both situations is CT Page 5123-HH the fact that the court lacks jurisdiction to impose an order for support beyond age eighteen, as noted in the Kennedy and Miller
cases cited above.
Our Supreme Court has found that it was error to hold an obligor in contempt for non-payment of the support portion of unallocated financial orders. Kennedy, supra. An order holding a party in contempt was found by the Appellate Court to be error even thought the obligor had unilaterally stopped paying support when his child turned eighteen. Matles vs. Matles, 8 Conn. App. 76,79 (1984). Again, the order involved unallocated alimony and support, and the court held that it was necessary to ascertain what portion of the arrearage was support and to reduce the arrearage by that amount. The reason, again, being that there is no authority for requiring support payments once a child attains majority. The court does not have the jurisdiction to enter or to enforce such an order.
This is not a "change of circumstance" situation. The parties' circumstances have not changed as they may be said to when one party loses a job, or when a party loses the ability to go out and earn income due to some catastrophic medical episode.
The parties' circumstances may, as a consequence, change when of their children turns eighteen, but the fact remains that it is due to the loss of jurisdiction in the court that the support is no longer payable.
That being true, it does not matter whether the obligor moves the court to be relieved of that responsibility. It is of no force and effect once the child's eighteenth birthday occurs — even when the obligor sleeps on that right for six months, as in this case.
As in the Matles case, the circumstances in this case differ from the usual case where a motion for modification is requested. When faced with a situation where a certain event inevitably occurred, under such circumstances logic and reason leads us to conclude that when an order does not contain a provision for specific reduction or reallocation upon the child's majority, there is implicit in such order the contemplation that when a child attains majority a hearing must be held to ascertain what part of the order, if any, is attributable to child support, and must modify the order to reflect the same. Matles vs. Matles,
Supra, p. 79. CT Page 5123-II
The need for a motion and subsequent order is solely for the purpose of reassessing what proper alimony should be in cases involving unallocated support and what an appropriate order of support would be for any children who remain entitled to support in cases such as this where there was an unallocated support order for multiple children. In of neither those cases could a court nor magistrate decide, upon hearing such a motion, to impose even one day's worth of support on behalf of a child who has attained majority. As it affects support for that child, the motion and any subsequent order thereon are superfluous. That being the case, there is no need to file such a motion seeking such an order when there is no unallocated alimony order or when there are no other children whose support may have to be recalculated. Such a motion is necessary only to determine what the alimony, minus support, should be, or in the case of multiple children receiving an unallocated portion of support, what amount of support they should receive. In no event is a motion necessary to terminate the support obligation for the one who has attained majority.
For the foregoing reasons, the court finds that the magistrate erred in his January 31, 1996 orders by not applying retroactively to December 23, 1993, the application of his order terminating the defendant's obligation to support his daughter, Anna. The magistrate further erred in assessing an arrearage against the defendant for support for Anna not paid after December 23, 1993.
The case is remanded to the magistrate for further proceedings to determine appropriate support orders for the remaining two children.
BY THE COURT
JOSEPH W. DOHERTY JUDGE