[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MODIFICATION OF UNALLOCATEDALIMONY AND SUPPORT
On November 10, 1981 the marriage of the above parties was dissolved. At that time they had two minor children, Jeffrey who was born September 17, 1967 and Michael, who was born November 17, 1973 and who since birth has suffered from Downs Syndrome and various other physical and mental problems. Among the many orders issued at that time by the trial court was the following:
"And it is ordered that the husband shall pay to the wife the sum of $350 per week as unallocated alimony and family support. Upon the oldest child attaining the age of 18 years, CT Page 9668 that amount shall be reduced to $200 per week. Upon the youngest child attaining the age of 21 years, the unallocated alimony and support shall terminate completely".
The judgment also provided that should the plaintiff wife remarry "the order for unallocated alimony and support shall convert to a support order in the amount of $175 per week per child for a total of $350."
There have been several modifications of this order over the years, the most recent being by stipulation of the parties on March 2, 1987 when the existing order of $200 per week unallocated alimony and support was increased to $400 per week. Jeffrey by then was more than eighteen years old. Subsequently Michael became eighteen on November 17, 1991.
On November 4, 1994, shortly before Michael's twenty first birthday, plaintiff filed the motion presently before this court wherein she requested that "the judgment be modified with respect to the order for alimony so that it continues indefinitely rather than terminating on November 17, 1994" claiming as a basis for her request a substantial change in the circumstances of the parties. Defendant in turn has objected to the granting of such motion, contending that plaintiff is seeking "an impermissible order of alimony to support an adult child".
This court conducted a hearing on this motion on May 14 and 15, 1996 at which time the matter was continued until October 23, 1996. On that date the court concluded that, in the interest of judicial economy, it should first determine whether or not under the terms and conditions of the original court date of November 20, 1981 concerning unallocated alimony and support it was subject to any permissible modification of the time and amount limitations expressed therein. The opinion of the court on this issue follows:
Since October 1, 1972 a minor child has been deemed to have reached his majority at the age of eighteen [Sec. 1-1d
C.G.S.]. This statute was in effect on the date of the original court order now under consideration. The question then arises whether a trial court has authority to order child support which extends beyond the age of majority.
Sec. 46b-84 C.G.S., the statute providing for support of CT Page 9669 children, states in part as follows "Upon or subject to xxxx the dissolution of any marriage xxxx the parents of a minor
child of the marriage shall maintain the child according to their respective abilities if the child is in need of maintenance." (emphasis added). Further Sec. 46b-56 C.G.S., which concerns the authority of the Superior Court to enforce orders for support, limits its jurisdiction to "minor children". It would thus appear that the support order at issue, which required defendant to support his son Michael until he reached the age of twenty one, presents several inherent problems.
A somewhat similar question arose in the matter ofKennedy v. Kennedy, 177 Conn. 47 (1979). There our Supreme Court held that Sec. 1-1d C.G.S. did not authorize court ordered support beyond a child's age of majority and that "any order beyond that time is of no force and effect as a court order." (P. 52)
One year later, in the case of Broaca v. Broaca,181 Conn. 463 (1980) the issue concerned the legality of a trial court order directing the defendant to maintain his minor children as irrevocable beneficiaries on his life insurance policies without regard to their ages. There too our Supreme Court declared that in so doing the trial court had exceeded its subject matter jurisdiction. It then discussed a second question — whether a trial court now had authority to modify the original improper order. In answering `yes' to this question it stated in strong language that "under the common law a trial court has inherent authority to open and modify a judgment it rendered without jurisdiction. Such a judgment is void ab initio and is subject to both direct and collateral attack." (P. 463). Lastly, in commenting on the lapse of time between the original defective judgment and the collateral attack, it noted that in the case of Robertson vs. Robertson,164 Conn. 140 (1972) more than four years had passed. It concluded by stating that "the court's power to open and modify a portion of a judgment is inherent and may be exercised at anytime" P. 469 (emphasis added).
Still later, in 1986, our Appellate Court had a remarkably similar issue before it in the case of Maties v.Maties, 8 Conn. App. 76 (1986). There the lower court had accepted the stipulation of the parties and directed the defendant to pay $195 per week as unallocated alimony and CT Page 9670 support. Defendant automatically ceased making such payments when his youngest child reached eighteen, thereupon precipitating a motion by plaintiff for contempt followed by defendant's motion for modification of the unallocated alimony and support order.
Here our Appellate Court first outlined the correct procedure to be followed in unallocated alimony and support awards when the youngest child reaches his majority. In so doing it stated that:
 "When an order for unallocated alimony and support is entered and when that order does not contain a provision for specific reduction or allocation upon the child's majority, there is implicit in such order the contemplation that when the child attains majority, the trial court, upon motion of either party, must conduct a hearing to ascertain what part, if any, of the orders then attributable to child support and it must modify the order to reflect the same." P. 84.
The court went on to remark that if, after hearing, modification were warranted, the court might consider all factors listed in Sec. 46b-82c C.G.S. and that in so doing the trial court would have broad discretion.
This court concludes that the Superior Court was without jurisdiction to enter its order of November 20, 1981 requiring defendant to provide support for his minor child after he had reached his majority, and that this court now has authority to open and modify such order. Further hearing in accordance with these finding will be held at the convenience of all parties.
John D. Brennan Judge Trial Referee