[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO MODIFY THE UNALLOCATED ALIMONY AND CHILD SUPPORT ORDER (#167)
The parties' marriage was dissolved on July 14, 1995 after an uncontested hearing. The judgment incorporated the parties' separation agreement that provided for the payment of unallocated alimony and child CT Page 8433 support pursuant to a formula set forth in Article II of the agreement. The physical residence of their two minor children was placed with the plaintiff. The younger of the two minor children attained majority on July 15, 1998 and graduated from a private high school in June, 1999.
The defendant Michael H. Taradash filed this motion to modify unallocated alimony and support alleging that there have been the following substantial changes in the parties' circumstances: (1) the minor children have reached the age of majority; (2) the defendant is no longer working for Morgan Stanley and his income with his present employer is at a different level; (3) the plaintiff Mary R. Taradash who was unemployed on the date of dissolution is now employed; (4) the expenses of the parties have changed; (5) existing life insurance obligations to cover the unallocated support is excessive, especially if the unallocated alimony award is reduced; (6) the division of property did not result in a fifty — fifty split because the defendant had to pay substantial capital gains tax and the plaintiff did not; (7) the unallocated alimony and child support order is unfair and unreasonable because a portion of the order was for child support and the children have reached the age of majority and no longer live with the mother, and the formula for computing alimony as set forth in the separation agreement is difficult to understand and interpret.
The court must first determine if the court has jurisdiction to entertain the merits of the motion.
General Statutes § 46b-86 (a) provides in pertinent part: "unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . ." Article XVII of the separation agreement provides in pertinent part: "[t]he provisions of this Agreement may not be modified or waived except by a written instrument duly executed by both parties." (Emphasis added).
The payments made pursuant to Article III and Article VI are defined in paragraph 8.3 as:
 ". . . being paid to her for her support and maintenance and that all such payments are includable in the gross income of the wife . . ."
Further on in said paragraph it provides for renegotiation if the defendant is unable to deduct the payments or if deductions made are disallowed providing: CT Page 8434
 "In so negotiating, the parties shall only consider the extent to which one or more of the above-described events relieves the wife from the payment of Federal, state or local income taxes, and/or burdens the Husband with the payment of . . . taxes."
Then, if they can't agree the issue is to be submitted to a court of competent jurisdiction for:
 ". . . determination taking into account only the same considerations as the parties were to do in the renegotiation . . ."
Paragraph 6.10 states:
 "All payments of periodic alimony as required to be paid in this Article VI shall be nonmodifiable except as provided in paragraph 8.3 hereof. They shall be contingent upon the Wife's death subject to the obligation of the Husband described in Paragraph 7.1. In no event shall the Husband be entitled to limit the term, conditions or amount of alimony payable under Article III of this Agreement by virtue of the alimony being paid under this Article VI except upon the Wife's receipt of her full share of OSEP I and OSEP II payments if such payments are commenced at or after the Husband's 65th birthday. If the Wife remarries or cohabits as defined in Article III of this Agreement, the alimony payments required thereunder shall terminate but the alimony payable under Article VI shall not. If Article III alimony terminates by virtue of one of the contingencies set forth in Article III, entitlement to receive or actual receipt of Article VI alimony shall not cause or be deemed to cause a revival of the Wife's right to receive Article III alimony once terminated. The court shall have no jurisdiction to award additional alimony other than as provided in this Agreement.
Simply put, periodic alimony is currently and for many past years has been deductible on the payor's tax returns. Child support is not taxable to the payee, nor is it tax deductible to the payor.
The Connecticut Child Support and Arrearage Guidelines provide, in Section 46b-215a-2a (a)(2): CT Page 8435
 "When the parents' combined net weekly income exceeds $2,500, child support awards shall be determined on a case-by-case basis, and the current support prescribed at the $2,500 net weekly income level shall be the minimum presumptive amount."
This section provides that in entering a child support order, there is a presumptive minimum. The guidelines do not apply to the present case. The parties' combined net income exceeded $2,500 weekly in 1995 and the same situation prevails today. The term "unallocated alimony and child support" was analyzed in Matles v. Matles, 8 Conn. App. 76 (1986) wherein the issue was stated at page 79:
 ". . . the fundamental question that we must answer involves the proper procedure to be followed by the parties and the court when there is extant an order of unallocated alimony and support and the youngest child attains his majority."
The court addressed the issue at page 81:
 "Under such circumstances, logic and reason leads us to conclude that when an order for unallocated alimony and support is entered and when that order does not contain a provision for specific reduction or reallocation upon the child's majority, there is implicit in such order the contemplation that when the child attains majority the trial court, upon motion of either party, must conduct a hearing to ascertain what part, if any, of the order is then attributable to child support and it must modify the order to reflect the same. See Miller v. Miller, supra, 614."[1]
(Emphasis added.)
The present case is factually distinguishable from the quoted case. InMatles the unallocated order was entered post judgment and not as part of a comprehensive separation agreement. In the present case the parties' separation agreement in Article IV provides for the contingency of the remarriage or the cohabitation of the plaintiff as defined in their agreement while the children remain minors and unemancipated. The agreement does not provide for a review of the alimony provisions upon their majority and emancipation. It is also factually different fromKolkmeyer v. Kolkmeyer, 18 Conn. App. 336 at pages 338 that also discussed an order of unallocated alimony and child support. in that CT Page 8436 case, among the stated contingencies that would terminate the unallocated order was the minor's attaining 18 years of age. The case cites Matles, supra, with approval.
The court applies the following test as stated in Taylor v. Taylor,57 Conn. App. 528, at 531:
 "An agreement of the parties executed at the time of dissolution and incorporated in the judgment is a contract of the parties. Issler v. Issler, 250 Conn. 226, 234-35, 737 A.2d 383 (1999). The construction of a contract to ascertain the intent of the parties is a question of law when the contract is unambiguous within the four corners of the instrument." (Citations omitted.)
The court finds that the agreement anticipates the majority and emancipation of the two minor children but does not provide for renegotiation in such event.
The defendant's changes in employment were voluntary. He is still earning the same basic income of $300,000 provided for in paragraph 3.1 (a) of the agreement. The provision allows for payments less than $12,500 monthly if his gross income slips below $300,000 per year.
The plaintiff's employability is not mentioned in the agreement and therefore cannot serve as the basis for a review of the periodic alimony agreed upon.
The life insurance provisions cannot be modified for the reasons discussed in Billings v. Billings, 54 Conn. App. 142, at 149-151 (1999).
The attack on the division of assets now mounted comes five years too late. The division of assets once made, is not subject to modification,Billings, supra.
The claim that the unallocated order is unfair and unreasonable because a portion is claimed to be child support is considered supra. The court when entering judgment found the agreement to be fair and equitable.
The agreement is not ambiguous and this court need not explore the parties' intent beyond the four corners of the separation agreement which is very detailed, covering 51 typed pages and 19 additional pages of exhibits. The court is bound by the limitations of § 46b-86 and finds the provisions sought to be modified to be non-modifiable. See alsoAmodio v. Amodio, 56 Conn. App. 459, 743 A.2d 1135 (2000). CT Page 8437
The defendant's motion is denied.
HARRIGAN, J.