[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The twenty-two-year marriage of the parties was dissolved by decree of this court on July 14, 1995. At the time of the decree the parties filed CT Page 10015 a Separation Agreement of the same date which was incorporated by reference in the decree. Article III of the Agreement provides, in part, that unallocated alimony and child support will be paid by the defendant husband ("husband") to the plaintiff wife ("wife") until the death of either party, the remarriage of the wife, or her cohabitation whichever shall sooner occur. In summary, the wife was provided with a base alimony payment equal to the lesser of $12,500 a month or 50% of the first $300,000 of the husband's gross income. In addition, she is entitled to declining percentages of the husband's gross income in excess of $300,000, up to a ceiling of $650,000. At the time of the dissolution of marriage the parties had three children two of whom were minors, all of whom are all now adults.
The file has waxed large with the passage of time; many pleadings having been filed. The chief issue before the court is whether or not the original decree of the court, which includes the Separation Agreement incorporated in it by reference, is modifiable based upon a change of circumstances. On November 3, 1999, the husband moved to modify (#167.1) that judgment based upon a change of circumstances, principally because the minor children had all reached their majority, and because his income was lower. The motion was served upon the wife on December 2, 1999. After a hearing before Judge Harrigan, the motion for modification was denied, the court having found that the agreement was non-modifiable. This finding was contained in Judge Harrigan's Memorandum of Decision (#179) dated July 18, 2000. The defendant promptly appealed from this ruling on August 25, 2000 and simultaneously filed a motion to reargue (#187) which is now the subject of the present hearing.
After discussions and negotiations, the parties entered into a stipulation dated November 10, 2000 (#197) which provided in part that the Memorandum of Decision regarding modifiability could be vacated and ade novo hearing be held before this court in order to determine whether or not a substantial change of circumstances had occurred warranting a modification. The stipulation also provided that the defendant's motion to open (#183) could be granted. The court heard the parties over the course of two days. In addition to their final argument, both parties submitted briefs.
The issue before the court is whether or not a substantial change of circumstances has occurred warranting a modification of the original decree, and if so, the extent of such a modification. The husband urges the court to modify the decree on a threefold basis: 1) the majority of the children, 2) the reduction in the husband's income, and 3) the income of the wife. He further argues that any order be retroactive to December 1999 when service was made upon the wife. The husband also references the expenditures each make for their now adult children, as well as a claim CT Page 10016 that the wife's new living expenses are now lower. For her part, the wife asks the court to leave the formula for the calculation of alimony in place, and argues both that the reduction in the husband's income was voluntary, and that the ages of the children at the time of the decree is evidence that the parties were contemplating their forthcoming emancipation.
In addition, the wife has filed several motions for contempt (#173, 175, and 176) and at the hearing offered expert testimony through Dahl F. Bowser, C.P.A. However, both parties agreed to bifurcate the hearing regarding the issue of contempt until after the resolution of the modification issue.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-81, 46b-82, 46b-84, 46b-86, and 46b-215a
of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That the Separation Agreement of the parties dated July 14, 1995, provided for the payment of unallocated alimony and child support in accordance with a formula set forth therein.
 2. That the husband and has failed to sustain his burden of proof that the reduction in his income was involuntary [Sanchione v. Sanchione, 173 Conn. 397, 407 (1977) and Gleason v. Gleason, 16 Conn. App. 134, 137 (1988)]; that said reduction has come about, in large measure, as a result of voluntary change of employment and the consequent reduction in his income; that this has in turn resulted in a reduction in the amount of alimony paid to the wife in accordance with the agreement of the parties; and that this is, in essence, a self-executing modification of the husband's alimony obligation.
 3. That it would be inequitable to use the husband's reduced income as a basis for modification, since fluctuations in his income were contemplated by the parties, as is evidenced by the use of a percentage formula as opposed to a fixed amount.
 4. That the current earnings of the wife do not at CT Page 10017 this time constitute a substantial change of circumstances so as to provide the basis for a modification of the alimony provisions of the original order.
 5. That at the time of the entry of the decree dissolving the marriage and the execution of the Separation Agreement incorporated therein, the parties had two minor children.
 6. That there has been a substantial change of circumstances since the date of the last order, in that the two younger children of the parties have reached their majority; and that, in particular, Kathleen Mary Taradash turned eighteen on August 30, 1996, and James Mitchel Taradash on July 15, 1998.
 7. That the Separation Agreement of the parties dated July 14, 1995, in particular the provision regarding the payment of unallocated alimony and support, was entered into by the parties which agreement represents the culmination of an arm's length negotiation process; and that said unallocated alimony and support provision was an interdependent part of a unified whole, including equitable the division of property, for which each of the parties bargained.
 8. That the trial court found the separation Agreement to be fair and equitable under all the circumstances prevailing at the time of the decree.
 9. That some portion of the unallocated alimony order was attributable to child support. Kolkmeyer v. Kolkmeyer, 18 Conn. App. 336, 341 (1989), Matles v. Matles, 8 Conn. App. 76 (1986).
 10. That this court is not in a position to substitute its judgment nunc pro tunc as to what portion of the monthly unallocated alimony and support payment was intended by the parties to be attributable to child support for the then minor children; that while the husband could seek a modification retroactive to the dates when each child turned eighteen, he has asked that any order be retroactive to December 1999, the date of service of the motion for modification on the wife; and that it would be equitable and appropriate CT Page 10018 to consider the circumstances of the parties from and after that date. Matles v. Matles, 8 Conn. App. 76, 79-80
(1986).
 11. That while the court must consider the statutory factors set forth in Section 46b-82 C.G.S., it "may also consider any other factors which may be appropriate for a just and equitable resolution." Borkowski v. Borkowski, 228 Conn. 729, 743-44 (1994).
 12. That the court is not required to give equal weight to each of the statutory criteria; and that, in addition to the other criteria, the court has given significant weight to the disparity in earning capacities of the parties, the length of the marriage, as well as the unity and interdependence of the elements of the bargain struck by the parties as evidenced by their Separation Agreement. McPhee v. McPhee, 186 Conn. 167, 172 (1982).
 13. That, effective December 1, 1999,[1] it is equitable and appropriate to adjust the monthly periodic alimony payment to the wife by first calculating said monthly payment in accordance with Article 3.1(a) of the Separation Agreement and subtracting therefrom the sum of $2,500, and in addition, it is equitable and appropriate to reduce the alternative base alimony amount to $10,000 per month, all as set forth below.
 ORDER
The defendant's Motion for Modification is HEREBY GRANTED and IT IS HEREBY ORDERED THAT: Effective as of December 1, 1999, the order of this court as set forth in Article 3.1(a) of the Separation Agreement dated July 14, 1995, incorporated therein, shall be modified so that the husband shall be obligated to pay to the wife each and every month as and for periodic alimony an amount equal to the lesser of $10,000 per month or an amount calculated in accordance with said Article from which amount has been subtracted the sum of $2,500. The alimony payment as modified shall commence August 1, 2001, and shall be paid monthly thereafter. The defendant shall be entitled to a credit for the cumulative total of any overpayments he has made since December 1, 1999 to and including July 31, 2001. In the event that, on or after December 1, 1999, the husband is in arrears in the payment of his alimony obligation as adjusted by thisorder, the wife shall be entitled to an offset against any credit to the CT Page 10019 husband, for the cumulative total of any such arrears. The total of said overpayments (less any offset for an arrearage) shall first be divided by twenty and satisfied by subtracting the quotient from each monthly payment due to the wife, commencing August 1, 2001, and monthly thereafter until the adjustment is complete. In all other respects, the provisions of said Separation Agreement, as incorporated in the Judgment of the court, shall remain in full force and effect.
THE COURT
SHAY, J.