[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant has filed a motion to dismiss in this civil action which stems from a dissolution proceeding in which the defendant in the civil proceeding is the plaintiff in the dissolution proceeding and the plaintiff in the civil proceeding is the defendant in the dissolution proceeding (Harriette Feuerman v. Sigmund Feuerman, FA92 029 04 52 S), both actions being in this CT Page 9994 judicial district.
Plaintiff's civil action is in four counts: the first count claims that the defendant has liquidated assets she received in the dissolution proceeding for sums in excess of the lump sum alimony provided for in the separation agreement and seeks to enjoin any further liquidation; the second count claims a breach of contract on the defendant's refusal to return the assets, which are in excess of the lump sum amount specified in the contract; the third count claims unjust enrichment; and the fourth count claims a lack of good faith which was implicit in the contract.
The defendant's motion claims that the court lacks subject matter jurisdiction. The defendant claims, therefore, that the plaintiff is attempting to open, set aside or modify the property division portion of the separation agreement incorporated by reference into the final dissolution decree and that the court lacks subject matter jurisdiction since it is more than four months since the judgment in the dissolution proceeding.
FACTUAL BACKGROUND
Harriette Feuerman and Sigmund Feuerman were married on November 3, 1957 in Bridgeport, Connecticut. A dissolution proceeding was brought by the defendant in this action against the plaintiff on December 18, 1991. On November 7, 1994, the parties entered into a separation agreement, which separation agreement was presented to the court and incorporated by reference into the judgment dissolving their marriage on that date. Said agreement provided in part as follows:
 4.2 The Husband shall be solely responsible for the installment loan at Gateway-Shawmut Bank on the property located at 16 Sharon Road, Trumbull, Connecticut and shall hold the wife harmless. The Husband shall satisfy the balance of the equity loan within ninety (90) days from the date of judgment.
5.1 (a) The Husband shall pay to the wife as a lump sum alimony and property settlement the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, none of which is dischargeable in bankruptcy or taxable to the Wife. Said amount shall be payable within one hundred CT Page 9995 twenty (120) days of the signing of their agreement.
 5.1 (b) The Husband hereby grants a security interest in the following assets: his stock in Smuggler's Cove Marina, Islamorado, Florida; his stock in Drywall Associates and Newtown Drywall, Newtown, Connecticut; his pension valued at FOUR HUNDRED THOUSAND ($400,000.00) DOLLARS from Drywall Associates and Newtown Drywall, hereafter the "secured asset" to secure the Husband's obligations under this Agreement.
 5.1 (c) Simultaneously with the execution of this Agreement, the Husband shall execute an assignment and UCC-1 security interest filing on his stocks in Smuggler's Cove Marina, Islamorada, Florida, his stock in Drywall Associates and Newtown Drywall, Newtown, Connecticut and his pension of approximately FOUR HUNDRED THOUSAND ($400,000.00) DOLLARS in Drywall Associates and Newtown Drywall, Newtown, Connecticut. Said assignments and UCC-1 filings shall be released upon receipt by the Wife of said funds and the equity loan on the property in Trumbull, Connecticut being satisfied in full.
 5.1 (d) Until such time as the Husband fully performs all of his obligations secured by the "secured assets", the Husband shall not in any way look to sell, transfer, assign, pledge or otherwise take any action with respect to the "secured assets" except for the security interest created in favor of the Wife hereunder.
Notwithstanding anything to the contrary herein, the Husband shall be permitted to pledge any of or all of the "secured assets" for purposes of obtaining the funding necessary for the Husband to fulfill the cash payment provided herein. The Wife shall provide any and all releases of the security CT Page 9996 interest created in any of the "secured assets" which the Husband deems necessary to pledge to obtain the funding of the settlement payment simultaneously with the delivery of the settlement funds.
The separation agreement further provides that if plaintiff was unable to perform his obligations under this agreement, his interest in the secured assets be transferred to the Defendant. See Separation Agreement, V, 5.1(e), which states as follows:
 5.1 (e) In the event that the Husband fails to perform all of his obligations under this Agreement, the Husband's interest in the "secured assets" shall be deemed to be transferred and conveyed to the Wife as a matter of law.
On March 6, 1995, upon motion before the court, the parties entered into an agreement to extend the deadline, in which the plaintiff was to tender payment, from March 7, 1995 to March 31, 1995. On March 31, 1995, the parties agreed to a further extension until April 13, 1995. When plaintiff was again unable to meet this obligation on April 13, 1995, the parties appeared before the Honorable Romeo G. Petroni on the plaintiff's motions to Reopen Judgment and for an Extension of Time. The court held that it could not reopen the November 7, 1995 judgment of dissolution because it was beyond the four month time limitation. The motions were denied for lack of subject matter jurisdiction. Immediately thereafter, the court (Petroni, J.) signed orders effectuating the transfer of the secured assets to the defendant, Harriette Feuerman.
These orders provided that each of the secured assets "[B]e and is hereby assigned, transferred and conveyed to the Plaintiff, Harriette Feuerman, free and clear from any and all claims of the Defendant, Sigmund Feuerman."
The plaintiff thereafter filed an appeal with the Appellate Court on May 1, 1995. (See Harriette Feuerman v. SigmundFeuerman, A.C. 14748.) The issues on appeal were: (1) did the court err when it stated it had no jurisdiction to entertain the Motion to Reopen Judgment; and (2) did the court err when it transferred the assets of the defendant to the plaintiff after it denied the defendant's Motion to Reopen Judgment. On July 9, CT Page 9997 1996, the Appellate Court, per curiam, affirmed the lower court's decision. Feuerman v. Feuerman, 42 Conn. App. 906 (1996).
The plaintiff has filed a four count complaint wherein he seeks relief for purported claims of irreparable harm, breach of contract, unjust enrichment and conversion. The contract from which these alleged causes of action arise is the separation agreement entered into by the parties and incorporated by reference into the terms of the judgment dissolving the marriage of the parties on November 7, 1994.
The plaintiff's asserts an interest in the assets described in paragraph 5.1(b) of the agreement. The assets identified in the complaint were assigned, transferred and conveyed to the defendant, Harriette Feuerman, by operation of law on April 13, 1995. On April 13, 1995, all title and interest held in those assets by Sigmund Feuerman as of November 7, 1994, vested unconditionally in the defendant.
Plaintiff may properly seek relief by an action on the contract. Lesprogeto v. Lespurgeto, 127 Conn. 510, 514 (1941); see Kennedy v. Kennedy, 177 Conn. 47 (1979). The portions of the contract which gives rise to this action have been fully performed. The defendant is fully vested in the property in this case. It is her right to hold, mortgage or encumber the real property involved and there has been no obligation upon her nor is there any obligation upon her to liquidate said property. The fact that she may have liquidated some or all of said property is entirely her business and not that of anybody else.
The suit in this case is not unlike the suit in the case ofHayes v. Beresford, 184 Conn. 558 (1981). As was true in theHayes case, the complaint requests judicial action to modify a private agreement. Private parties cannot confer that power upon a court.
It is the plaintiff's claim that the assignment entered on April 13, 1995 was beyond the scope of the agreement. The plaintiff appealed that decision and that decision was affirmed. It is interesting that there has been no further action or appeals since July 9, 1996.
The plaintiff argues that the defendant was to receive a specific sum of money as a lump sum payment of alimony; that is, $575,000. Plaintiff alleges that the defendant has received much CT Page 9998 more than that in the liquidation of the properties she received upon plaintiff's default of payment. The agreement, however, assigned these properties to the defendant in the event of the plaintiff's default in payment of the lump sum alimony. The plaintiff defaulted and the assignment took effect. The property, then, became the defendant's with no requirement that she liquidate the property.
The agreement here was incorporated by reference in the judgment. That judgment governs the parties' agreement. If the plaintiff were able to prove fraud or mutual mistake, that judgment might be opened. Barnett v. Barnett, 26 Conn. App. 355
(1992). The plaintiff's attempt to come through the back door when he is unable to come through the front door cannot be sustained. The defendant's motion to dismiss is granted.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE